HENRY MOONEY vs. CONNECTICUT RIVER LUMBER
COMPANY.

Hampshire.   September 15, 1891. — September 22, 1891.

Present: ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Personal Injuries — Master and Servant — Negligence — Due Care.*

In an action for personal injuries there was evidence that the plaintiff was em-
ployed in the defendant's saw-mill upon a sawing machine; that, while in the
performance of his duty in a place which ought to have been safe, the carriage
of the machine, which had been left at rest with the steam shut off and with
the lever used in starting and stopping it locked, started itself, and injured him;
that both the defendant's foreman and the plaintiff knew that three days before
the machine had also started in the same manner when no one was near it, but
the foreman had told the plaintiff that it had been repaired, and it had worked
perfectly up to the time of the accident. It was undisputed that a machine
which would so start was improperly constructed or adjusted, and was unsafe.
*Held,* that the jury were warranted in finding that the defendant was negligent
as to the machine's original construction and adjustment, or in not discover-
ing its dangerous condition and making it safe before the accident; and that
whether the plaintiff was in the exercise of due care was also a question for
the jury.

In an action for personal injuries alleged to have been caused by the defendant's
negligence, the plaintiff is bound to introduce evidence from which the jury
may properly infer that the accident was caused by such negligence, but is
not required to point out the particular act or omission which caused the
accident.

TORT, for personal injuries occasioned to the plaintiff, while
employed by the defendant in its steam saw-mill.

At the trial in the Superior Court, before *Thompson,* J., there
was evidence that the plaintiff was about thirty-two years of
age, and was employed by the defendant as a sawyer in one
of its mills; that he tended one of the sawing machines in the
mill, which consisted in part of a carriage which ran up and
down a track, and it was a part of his duty to change saws
when a saw in use became dull; that on Saturday, April 5,
1890, the steam was shut off and the mill stopped, and the plain-
tiff locked the lever used to start and stop the machine; that
presently the foreman came along and ordered the plaintiff to
change the saw in his machine; that the plaintiff stepped into
the track and tried to pull the saw off, but it pinched a little,

and the plaintiff then got a monkey wrench with which to loosen the parts holding the saw; that for this purpose he got down on his knees before the carriage, and just as he had adjusted the wrench to a nut he heard a noise and the carriage started; that before he could get out of the way the carriage struck him, knocked him over upon his back, and severely injured him; that the carriage ran up the track some distance and stopped, when another workman " grabbed hold of the lever and began to push on it as hard as he could, and could not move it at all, so he took the lock off, and the carriage came off " the plaintiff; that on the Tuesday preceding the accident the mill was shut down at noon, and the plaintiff locked the lever upon the machine and went to dinner; that on his return, and before he unlocked the lever, and while the foreman, one Joe Grindell, was standing near, the machine started up and " run away," and broke some parts of the machine; that both the foreman and the plaintiff reached the machine " pretty near at the same time, and the lock was on "; that the plaintiff said to the foreman, " Here, Joe, this machine will kill somebody yet," and again, " Mr. Grindell, you fix this machine or get somebody else to run it "; that the foreman then said that he would see that the machine was repaired; that the machinery in the mill was shut down all of Tuesday afternoon, and the next morning when the plaintiff came to the mill he asked the foreman if the machine had been repaired, and the foreman replied that it had, and that it was all right; that from that time up to the day of the accident the machine did not again run away; and that on one occasion before the Tuesday preceding the accident the same machine had run away, but did no damage.

There was also expert evidence, which was uncontradicted, that a sawing machine that would start up of itself, whether the lever by which it was started was locked or not, without assistance from any one or any one's touching the lever, was not a properly constructed machine, or was improperly adjusted, and was unsafe.

The defendant requested the judge to rule: " (1) that on all the evidence the plaintiff is not entitled to recover; (2) that there is no evidence for the jury of want of ordinary care on part of defendant; (3) that there is no evidence for the jury of

the exercise of due care on part of plaintiff; (4) if the evidence in the case fails to furnish satisfactory grounds for an inference, or for anything better than a mere conjecture as to the cause of the starting of the car, plaintiff cannot recover; (5) if it does not appear from the evidence what was the real cause of the starting of the machine, plaintiff cannot recover."

The judge declined so to rule, and submitted the case to the jury, upon instructions to which no exception was taken.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*W. G. Bassett,* for the defendant.

*G. D. Robinson,* for the plaintiff.

KNOWLTON, J. There was evidence that the carriage of the sawing machine started up, and injured the plaintiff, when it was left at rest with the steam shut off, and the lever locked which was used to start and stop it. It was proved, and not disputed, that a machine which would do that was improperly constructed, or improperly adjusted, and was unsafe. There was evidence that the defendant's foreman knew, several days before the accident, that the machine had "run away," or started up when no one was near it. The jury were warranted in finding that the defendant was negligent in not seeing that it was properly constructed and adjusted, so as to be safe when it was originally put in position, or in not discovering its dangerous condition and making it safe before the accident. *Moynihan* v. *Hills Co.* 146 Mass. 586. *Myers* v. *Hudson Iron Co.* 150 Mass. 125.

It was a question for the jury whether the plaintiff was in the exercise of due care. He was in the performance of his duty in a place which ought to have been safe. Although he knew that the machine had "run away," it had worked perfectly for three days immediately before the accident, and there was evidence that the foreman had told him that it had been repaired.

The defendant's last two requests for rulings were rightly refused. The plaintiff was bound to introduce evidence from which the jury might properly infer that the accident was caused by the defendant's negligence, but was not required to point out the particular act or omission which caused the accident. *Griffin* v. *Boston & Albany Railroad,* 148 Mass. 143.

*Exceptions overruled.*