CHARLES J. FRENCH *vs.* COLUMBIA SPINNING COMPANY.

Bristol.    October 25, 1897. — November 23, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, MORTON, & BARKER, JJ.

*Personal Injuries — Due Care — Negligence — Assumption of Risk — Evidence.*

An employer does not owe to an employee the duty of changing a running board in the employer's mill, with the position and length of which board the employee has long been familiar, and which was the same as at the time when he entered the employment; and, in an action for injuries occasioned to him by his inadvertently stepping too near the end of the running board in order to reach for-

ward with his broom to clean a coupling which was about six feet farther on, evidence offered to show that the arrangement was different from that usually furnished in other like establishments is properly excluded.

TORT, for personal injuries occasioned to the plaintiff while in the defendant's employ. The declaration was under the employers' liability act, St. 1887, c. 270. Trial in the Superior Court, before *Sheldon,* J., who allowed a bill of exceptions, in substance. as follows.

In the room in which the plaintiff was injured there was what was known as a running board, fourteen inches wide and about twelve feet above the floor of the room, constructed so as to run along over the mules four feet below the shafting, and at a distance of about a foot from and outside of the shafting. This running board was held in position by iron rods suspended from and fastened to the ceiling, and extended from the end of the room where the mules were located as far down the room as there were mules actually set up, and a short distance farther above the place where certain other mules were to be set up at some future time. At that point the running board turned and ran across the room to and beyond the counter shaft connected with the mules, which ran substantially parallel to and at some little distance from the main shaft, and then, turning again, ran along on the outside of the counter shaft, in the same relative position to the counter shaft that it bore to the main shaft, back to the end of the mule room, from which it started.

This running board was used in oiling and cleaning the machinery. Upon the inside of its entire length was a railing used for the purpose of protecting the employee in leaning towards the machinery in doing this work. About six feet from the running board, where at the end of the mule department it turned to go across to the counter shaft, there was a coupling on the main shaft, this coupling being over the space separating the mule from the winding department.

The plaintiff testified in his direct examination that he was employed by the defendant in November, 1894; that he was hired to take care of the shafting and floor in the mule room, and keep the room clean; that when he went there the running board was in position, the rail not being all up, but it was put up shortly afterward; that when the accident happened, which

was on February 1, 1896, the running board rail and all the rest of the machinery and appliances had been completed, and in the condition in which they then were, for more than a year; that when he was put to work he was told to clean the coupling; and that he had cleaned this coupling once before the accident, at which time he stood on some boxes on the floor and used a long broom.

He further testified, " I was up brushing off the running board and cleaning around, and I came to the end and I saw a little cotton on the coupling and dust, and I fixed the broom in my hand and commenced to brush it, and I did not think I was so very near the end, and away I went down "; that he could not have reached the coupling without reaching forward and holding the broom in the position in which he held it when he fell; and that the broom was a short one, which he used in cleaning the shafting over the mules.

On cross-examination the plaintiff testified that he reached out farther than he thought, and lost his balance and fell; that he had never cleaned the coupling from the running board before; and that he had used this running board once or twice a week ever since he had been there.

On the question of the negligence of the defendant, the plaintiff offered to show that the machinery or ways furnished to the plaintiff in the performance of his work were defective, in being different from those usually furnished for a similar purpose under similar conditions in other like establishments, and in their incompleteness by reason of the absence of the rail at the end, or an extension of the running board to the limit of the place where the work was required to be done.

It was admitted that the machinery and ways had not been changed from the time they were placed in position, a period of more than one year. The judge excluded the evidence offered, and, at the defendant's request, directed the jury to return a verdict for the defendant; and the plaintiff alleged exceptions.

*J. L. Gillingham,* for the plaintiff.

*J. F. Jackson,* for the defendant.

ALLEN, J. The accident to the plaintiff occurred by reason of his inadvertently stepping too near the end of the running board, in order to reach forward with his broom to clean the

coupling, which was about six feet farther on. It seems to have been a pure inadvertence on his part, for which nobody was responsible but himself. He had long been familiar with the position and length of the running board, which was the same as at the time when he entered the defendant's employment. The defendant did not owe to the plaintiff any duty to change it. *O'Maley* v. *South Boston Gas Light Co.* 158 Mass. 135. The offered proof, that the arrangement was different from that usually furnished in other like establishments, was properly excluded. *Exceptions overruled.*