MAURICE MURPHY vs. MARSTON COAL COMPANY.

Suffolk.    March 6, 1903. — May 22, 1903.

Present: KNOWLTON, C. J., LATHROP, BARKER, HAMMOND, & BRALEY, JJ..

*Negligence*, Employer's liability.  *Evidence*, Opinion : Experts, Materiality.

It is the duty of a proprietor of coal teams toward his drivers to see that the handle of the gearing of a wagon, used to raise the body of the wagon when unloading coal, is suitable and safe, and thereafter by reasonable inspection to ascertain whether it needs repairing, and, if so, to see that such repairs are made.

An experienced driver of a coal team does not assume the risk of injury from a defective welding in the iron handle of the gearing of the wagon used to raise the body of the wagon when unloading coal.

It is a question of fact for the jury whether the driver of a coal team is negligent in not knowing from the appearance of the iron handle of the gearing used to raise the body of the wagon in unloading coal, that it is insufficiently welded.

It is not the duty of a servant to examine the tools furnished by his master to discover whether there are latent defects in them.

R. L. c. 106, § 77, does not require an employee to give notice to his employer of a latent defect of which he has no knowledge.

Whether an iron crank or handle is welded properly, is not a matter of common knowledge, and the opinion of experts is competent to show the character of the weld and whether it was done properly.

In an action for injuries caused by the breaking of an iron handle insufficiently welded, by way of illustration a small handle, not the one which broke, was put in evidence. Later the plaintiff was allowed to make use of this in framing questions for his experts to show the character of the weld in the handle which broke. *Held*, that this was allowed properly.

In an action by the driver of a coal team against his employer for injuries caused by the breaking of the handle working the gearing by which the body of the wagon driven by the plaintiff was raised in unloading coal, the plaintiff may be allowed to testify, upon the issue of his due care, that he did not appreciate any danger from the condition of the handle, especially after the defendant has argued, that from the appearance of the handle the plaintiff with his experience and as a matter of common knowledge ought to have known that it was defective and unsafe for use.

TORT, with counts at common law and under the employers' liability act, by the driver of a coal team for injuries received while in the defendant's employ from the breaking of the handle or crank of the gearing of the wagon, used to raise the body of the wagon when unloading coal, it being part of the plaintiff's employment to use the handle in the way he was using it when injured. Writ dated October 31, 1899.

At the trial in the Superior Court before *Stevens*, J., the jury returned a verdict for the plaintiff in the sum of $750 ; and the defendant alleged exceptions.

*W. H. Hitchcock*, for the defendant.

*W. B. Grant*, for the plaintiff.

BRALEY, J. At the time the plaintiff was injured he was at work with the appliances furnished him by the defendant, and was using the handle or crank of the hoisting apparatus in the manner and for the purpose for which it was intended. He had previously noticed the condition of the handle at the weld where it subsequently broke, and that while there were two scarfs or seams, one on each side, nothing appeared that indicated to him that it was not substantially sound and suitable to use.

It did not appear that the plaintiff was acquainted with the art of welding iron, or had any experience that would enable him to determine from the appearance of the handle that it was weak or had been improperly welded, or when put to the usual strain of lifting a wagon loaded with coal, would be likely to break. It was not only the defendant's duty to provide the plaintiff with suitable and safe instrumentalities with which to do his work, but thereafter to ascertain by reasonable inspection whether by reason of wear and use they needed to be renewed or

repaired ; and if so, to see that such repairs were properly made. And in the proper discharge of this duty the defendant was required to ascertain by its officers or servants whether the handle was sound or had become defective, and if the defect was one which could have been discovered by reasonable care on their part and was not found or remedied, it is liable to the plaintiff.

The evidence was ample to show not only that the handle was defective by reason of an insufficient weld, but that the defect could have been ascertained and remedied by reasonable care on the part of the defendant. But the defendant, while it does not dispute the principle discussed, claims that the plaintiff must be held to have assumed the risk and was guilty of contributory negligence.

No doubt, as argued, he was an experienced driver of a coal team, and had seen and used the handle which broke, as well as similar handles, but his experience as a driver and nothing more would not enable him to determine whether a bar of welded iron would be likely to break from defective welding, because he found the ends of the weld distinct while the centre appeared sound. Under such conditions the defect must be considered latent, and in the absence of special skill and knowledge on the part of the plaintiff which would enable him from inspection to determine that it was unsafe, there was on his part no assumption of risk. In such a case it is only open and obvious dangers recognized as common to his employment, and which he therefore may be presumed to know from experience, that are assumed; and where the servant by his contract of employment does not engage to be possessed of such special skill as will enable him to determine, or by his knowledge and experience he cannot reasonably be called upon to ascertain, the defective character of the ways, works and machinery furnished him by the master, there is no assumption of risk by him. *Ford* v. *Fitchburg Railroad,* 110 Mass. 240. *Myers* v. *Hudson Iron Co.* 150 Mass. 125, 134. *Lothrop* v. *Fitchburg Railroad,* 150 Mass. 423. *Anderson* v. *Clark,* 155 Mass. 368. *Toy* v. *United States Cartridge Co.* 159 Mass. 313. *Goldthwait* v. *Haverhill & Groveland Street Railway,* 160 Mass. 554. *Rooney* v. *Sewall & Day Cordage Co.* 161 Mass. 153, 159. *Kenney* v. *Hingham Cordage Co.* 168 Mass. 278. *Barker* v. *Lawrence Manuf. Co.* 176 Mass. 203, 206.

If the plaintiff did not know from the appearance of the handle that it was unsafe, his use of it would not be such negligence on his part as to prevent his recovery, and whether he had such knowledge, or in the exercise of reasonable care ought to be held to have known and appreciated its weak condition, was for the jury to determine under proper instructions. Where the defect is latent, reasonable care on the part of the servant does not call for an examination by him of the tools furnished by the master, to discover whether there may be latent defects; while it is incumbent on the master to use reasonable care by inspection to discover such defects. *Toy* v. *United States Cartridge Co. ubi supra.* Plainly it could not have been ruled as matter of law that he was guilty of contributory negligence.

The defendant further claims that under R. L. c. 106, § 77, the plaintiff cannot recover because he gave it no information that the handle was unsafe. But it is difficult to see on the evidence how such a defence can be availed of to defeat the action, as the plaintiff by reason of its character did not know of the "defect . . . which caused the injury," and could not give the defendant notice of something which, so far as his knowledge went, did not exist.

There remain for consideration the defendant's exceptions to the admission of evidence.

It cannot be said that whether an iron crank or handle is properly welded so as to preserve its tensile strength is a matter of common knowledge; and the testimony of the experts called by the plaintiff, who gave their opinion as to the character of the weld and whether it was properly done, was competent. Ordinarily such opinions are based on hypothetical questions, which recite, so far as necessary, the evidence in the case; and that such a recital is partisan makes no difference, if true and sufficiently full to call for the opinion of the expert on the issues in the case.

By way of illustration, and as appears without objection on the part of the defendant, a small handle, but not the one which broke, and upon which was an old weld, was put in evidence, and there seems to be no sound reason for the objection that in framing such questions counsel for the plaintiff were permitted to use it.

The testimony of the plaintiff that he did not appreciate any danger from the condition of the handle was admissible on the issue of his due care, especially in view of the defendant's argument that from its appearance he ought from his experience and as a matter of common knowledge to have realized that it was defective and unsafe for use.

There being no error shown at the trial in the Superior Court, the entry must be

*Exceptions overruled.*