MARY GREGORY *vs.* AMERICAN THREAD COMPANY.

Hampden.    December 6, 1904. — January 5, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & LORING, JJ.

*Negligence*, Employer's liability.    *Evidence*, Circumstantial, Collateral issues: remoteness.

In an action by a woman employed in a factory against her employer for having her hand caught and injured by a machine which she was operating starting of itself after she had stopped it, if it appears that the plaintiff had complained to the second hand in charge of the machines that the machine had stopped of itself and the man had replied that he would "have it fixed," and that the next morning the plaintiff complaining to the second hand that the machine was not running well, and asking him if he had fixed it, he replied "Yes, I have fixed the machine; that machine is all right"; and that afterwards, having pushed back the lever and brought the machine to a full stop, the plaintiff put her hand into the machine to find out whether it was working properly, when the machine started up and caught and injured her hand, there is evidence to go to the jury upon the questions, whether the plaintiff was in the exercise of due care, whether the second hand in charge, who was a person entrusted with the duty of seeing that the machinery was in proper condition within the meaning of R. L. c. 106, § 71, cl. 1, was negligent in not repairing the machine at all or in repairing it improperly, and whether the machine was defective, the fact that the machine started of itself being evidence upon the last two questions.

In an action of tort for personal injuries alleged to have been caused by the negligence of the defendant, if the plaintiff introduces evidence from which negligence of the defendant may be inferred he need not point out the particular act or omission which caused the accident.

In an action by an employee in a factory against her employer for having her hand caught and injured by a machine which she was operating starting of itself after she had stopped it, it is within the discretion of the presiding judge, to exclude as too remote evidence offered by the plaintiff to show that about eleven weeks before the accident the person offered as a witness was working on the

same machine when it started of itself after being stopped and that the attention of the superintendent was called to the matter and the machine was taken to pieces and an attempt made to repair it.

LATHROP, J.    This is an action for personal injuries sustained while in the employ of the defendant, in October, 1902. There are counts at common law and under the R. L. c. 106, § 71, cl. 1, 2.    At the close of the evidence for the plaintiff, the judge ruled that upon the pleadings and evidence the plaintiff could not recover, and directed a verdict for the defendant. The case is before us on the plaintiff's exceptions.

We agree with the contention of the defendant that there was no evidence that the defendant was negligent in the manner of instructing the plaintiff, or in the hiring of any fellow servant of the plaintiff.    On the remaining counts, we are, however, of opinion that the plaintiff was entitled to go to the jury.    The facts in the case, as they appear from the plaintiff's evidence, may be briefly stated thus.

The plaintiff was a young woman twenty-seven or twenty-nine years old.    She had been in the employ of the defendant eight weeks at the time of the accident, and it was her duty to run two lap winding machines which faced each other.    The function òf such a machine is to take cotton from six rolls, arranged along the upper part of the machine, run it through the machine, thereby stretching it, and wind it in a compact form in a single lap upon a bobbin at one end of the machine. At this end there is a lever with which to stop and start the machine.    Along the sides of the machine are handles by which also the machine can be stopped and started; two of these are on the back and two on the front of the machine.    The machine also stopped automatically when the bobbin was full. The plaintiff had to stop the machine twice in the morning and twice in the afternoon, for the purpose of cleaning it.

The day before the accident, while the plaintiff was cleaning the machine and when it had been stopped, it started up of itself and the plaintiff was struck over one of her eyes.    She complained to one Greaves, a second hand, about the machine's starting of itself.    Greaves said: "I will see to it.    I will have it fixed."    The next morning the plaintiff noticed that the machine was running a soft lap, that is, that the lap on the receiv-

ing bobbin was not tight to the bobbin, as was usual. She took out that lap, but the next was the same. She then complained to Greaves, showed the lap to him and said it was running soft. He said : " The next one will be all right." The plaintiff then asked Greaves if he had fixed the machine, and he said : " Yes, I have fixed the machine ; that machine is all right." The plaintiff then resumed her work.

In the afternoon the lap appeared to be running soft again, and the plaintiff pushed back the lever at the end of the machine, and brought the machine to a full stop. She then put her right hand over the bobbin to ascertain if the lap was soft. While her hand was in this position, the machine started up and her hand was caught and injured.

The defendant contends that the plaintiff was not in the exercise of due care, and has addressed to us an elaborate argument to show that instead of putting her right hand over the bobbin she should have held on to the shipper with her right hand and put her left hand over the bobbin, or have removed the bobbin. We are of opinion, however, that whether the plaintiff was in the exercise of due care was on the evidence a question of fact for the jury rather than of law for the court. *Donahue* v. *Drown*, 154 Mass. 21.

The next question is whether there was evidence of negligence on the part of the defendant. The plaintiff relies upon the negligence of Greaves, and also contends that the starting of the machine is some evidence that it was defective. We are of opinion that both of these contentions are correct, and that the question of the defendant's negligence was for the jury.

As to Greaves, it appears that he had charge of the operatives of the lap winding machines, and it was his duty to make all necessary repairs. He comes clearly within the R. L. c. 106, § 71, cl. 1. That he was negligent in not repairing the machine at all, or in not repairing it properly is a fair inference from the fact that the machine started of itself. For his negligence the defendant is responsible under the statute above cited ; he is also liable at common law. *Donahue* v. *Drown*, 154 Mass. 21. *Mooney* v. *Connecticut River Lumber Co.* 154 Mass. 407. *Connors* v. *Durite Manuf. Co.* 156 Mass. 163.

The case seems to us more nearly to resemble the cases last

cited than *Ross* v. *Pearson Cordage Co.* 164 Mass. 257, and *Kenneson* v. *West End Street Railway,* 168 Mass. 1, 2. In *Ross* v. *Pearson Cordage Co.* the machine was stopped by a fellow servant of the plaintiff, and it was said to be obvious that if the belt had not been entirely removed from the tight pulley to the loose one, there would be danger of the belt working on to the tight pulley and starting the machine. In the case before us the plaintiff testified that she stopped the machine, and she was sure that it was stopped. In *Kenneson* v. *West End Street Railway,* 168 Mass. 1, the motorman of an electric car, after arriving at his destination, and after the trolley had been shifted, took off the motor handles and went to the other end of the car, and was seen to stoop down and to take hold of the fender. The car shortly after started, and he was caught under the wheels and fatally injured. What caused the car to start was wholly uncertain; and it was held that there was no evidence of negligence on the part of the defendant. The case bears no resemblance to the one before us.

While the plaintiff was bound to introduce evidence from which the jury properly might infer that the accident was caused by the defendant's negligence, she was not required to point out the particular act or omission which caused the accident. *Mooney* v. *Connecticut River Lumber Co.* 154 Mass. 407, 409. *Melvin* v. *Pennsylvania Steel Co.* 180 Mass. 196, 202. *Kleibaz* v. *Middleton Paper Co.* 180 Mass. 363, 366.

The starting of the machine was some evidence that it was in a defective condition. *Packer* v. *Thomson-Houston Electric Co.* 175 Mass. 496, 499.

This is not a case where, assuming the plaintiff's story to be true, one's mind is left in entire uncertainty as to the cause of the starting of the machine.

There remains a single question of evidence to be considered. The plaintiff offered to show by a witness that, about eleven weeks before the accident, the witness was working on the machine and it started of itself after having been once stopped; that Greaves's attention was called to the matter, and the machine was taken to pieces and an attempt made to repair it, which the plaintiff contended was not effective. This evidence was excluded. We are of opinion that it was within the dis-

cretion of the judge to exclude the evidence on the ground of remoteness.  *Powers* v. *Boston & Maine Railroad*, 175 Mass. 466.  *Tobin* v. *Brimfield*, 182 Mass. 117.

*Exceptions sustained.*

*A. L. Green*, for the plaintiff.
*W. H. Brooks*, for the defendant.