MARGARET M. O'NEIL *vs.* EDWIN GINN & others.

Middlesex.    January 12, 1905. — June 20, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, LORING, & BRALEY, JJ.

*Negligence*, Employer's liability.

In an action by a girl employed in a bindery, against her employer, for having the fingers of her left hand cut off by the dull blade of a folding machine coming down upon them after she had stopped the machine and was straightening out a leaf of paper below the blade, it appeared, that the machine previously had been out of order and that the plaintiff had notified the superintendent, who had examined it and said that it was all right, that a few days before the accident the machine had started from a dead stop, and that the plaintiff had called the machinist's attention to it and he had "fixed it." On cross-examination the plaintiff testified that she could have straightened out the top leaf of paper without putting her hand under the blade. *Held*, that the evidence warranted the jury in finding that the machine was defective, that it had not been repaired properly and that the accident was caused by such want of proper repair. *Held*, *also*, that the jury could find that the plaintiff was in the exercise of due care in putting her hand under the blade to straighten out the leaf after she had stopped the machine, as after the machine had been repaired by the machinist she had no reason to apprehend that it would start of itself; *also*, that she did not assume the risk of the machine starting of itself.

MORTON, J. This is an action of tort for personal injuries sustained by the plaintiff while in the employ of the defendants. There was a verdict for the plaintiff, and the case is here on exceptions by the defendants to the refusal of the judge to rule that on all of the evidence the plaintiff was not entitled to recover.

The plaintiff had worked for the defendants five years in their bindery at East Cambridge. About three weeks before the accident she was put to work, in the line of promotion, on a

folding machine designed to fold the leaves of blank books before they are fastened together. The machine had a dull blade operated by a cam. The blade ascended and descended continuously when the machine was in operation. The leaves were pushed under the blade against side and rear gauges, and as the blade descended it would make a crease in them and send them through a slot in the table in a folded form into a basket below. Power was transmitted to the machine by means of a belt from a counter shaft on the ceiling to a tight and loose pulley on the machine. The machine was started and stopped by shifting the belt from the loose pulley to the tight pulley and *vice versa*, and this was done by a belt shifter. The plaintiff had stopped the machine, and had put some leaves under the machine to be folded, when she noticed that the top leaf had slipped. She used her left hand to straighten out the leaf, when the blade came down and cut off her fingers. The defendants contend that there was no evidence of negligence on their part and that the plaintiff was not in the exercise of due care. The plaintiff testified that the second week that she worked on the machine the blade would not come down while the machine was in operation; that she notified the superintendent, and he told her to go to the machinist, which she did, and after he examined it he said it was all right. She also testified that the machine started from a dead stop a few days before the accident and that she " called the machinist's attention to it and he fixed it." We think that this testimony, taken in connection with her testimony as to the manner in which the accident happened, warranted the jury in finding that the machine was defective and that it had not been properly repaired, and that the accident was caused by such want of proper repair. See *Donahue* v. *Drown*, 154 Mass. 21, *Mooney* v. *Connecticut River Lumber Co.* 154 Mass. 407; *Myers* v. *Hudson Iron Co.* 150 Mass. 125, 136; *Packer* v. *Thomson-Houston Electric Co.* 175 Mass. 496; *Lynch* v. *Stevens & Sons Co.* 187 Mass. 397; *Gregory* v. *American Thread Co.* 187 Mass. 239. The case differs from *Ross* v. *Pearson Cordage Co.* 164 Mass. 257, *Kenneson* v. *West End Street Railway*, 168 Mass. 1, and *Allen* v. *Smith Iron Co.* 160 Mass. 557, relied on by the defendants. There was evidence in this case, as already observed, which there was not in those, from which the jury were warranted in

finding that the machine was defective, and that it had not been properly repaired.    The defendants further contend that as the plaintiff testified on cross-examination that she could have fixed the top sheet without putting her hand under the blade, she was not in the exercise of due care in putting her hand there.    But the machine was stopped, and after having been fixed by the machinist she had no reason to apprehend that it would start of itself.    Under such circumstances it cannot be ruled as matter of law that she was not in the exercise of due care in putting her hand under the blade to straighten out the leaf, or that she assumed the risk.    See *Connors* v. *Durite Manuf. Co.* 156 Mass. 163.

*Exceptions overruled.*

*W. T. Atwood,* for the defendants.
*H. N. Allin,* for the plaintiff.