CHARLES M. SAXE *vs.* WALWORTH MANUFACTURING COMPANY.

Suffolk.    January 18, 1906. — April 3, 1906.

Present: KNOWLTON, C. J., MORTON, LATHROP, HAMMOND, & SHELDON, JJ.

*Negligence,* Employer's liability.    *Evidence,* Circumstantial.

If a brass finisher in a machine shop in which a rapidly revolving emery wheel is used without a guard is injured from being struck by a piece of such a wheel which explodes while he is working ten feet away from it, he cannot hold his employer liable for his injuries on the ground that the wheel was without a guard, although in some factories a guard is used and its use would prevent the pieces of an exploding wheel from flying off and causing such an accident.

In an action by a brass finisher in a machine shop against his employer for personal injuries from being struck by a piece of a rapidly revolving emery wheel which exploded while he was working ten feet away from it, there was evidence that the wheel was a new one not manufactured by the defendant, and that it could not have exploded if there had not been some defect in it. There was nothing to show that the wheel was being operated in any respect improperly or at an excessive rate of speed, and nothing to show what the defect was or whether it was of such a character that a careful inspection would have disclosed it. *Held,* that there was no affirmative evidence of negligence on the part of the defendant, the plaintiff having failed to exclude the operation of causes other than the defendant's negligence, such as a hidden flaw, which might have produced the accident.

SHELDON, J.   This was an action brought under R. L. c. 106, § 71, to recover for personal injuries received by the plaintiff while in the defendant's employ as a brass finisher.   It was admitted that a proper notice had been served on the defendant. The plaintiff was at work in the defendant's factory on a piece of brass piping, when an emery wheel, which was located within ten feet of his position and just behind him, exploded, and a piece of the wheel struck him in the back of the head, causing the injuries complained of.   This wheel was attached to a spindle, and was revolved at the rate of over three thousand revolutions a minute, by means of a belt attached to a shaft at the ceiling.   These wheels are composed of emery and composition compressed and baked like an ordinary brick.   They were kept in quantities in the defendant's stock room ; and whenever one was wanted it was taken from the stock room and put on the spindle, sometimes by the foreman, sometimes by the man who wanted to use it.   A workman who needed a special wheel would put it on for himself, and if he did not find it at the machine would send to the stock room for it.   This wheel was practically a new wheel ; it did not appear how much it had been used.

A witness for the plaintiff, who had been a foreman for the defendant for eighteen years, testified that this must have been a defective wheel, but he could not tell the nature of the defect, — it might be cracked, or it might be owing to the bad construction of the wheel ; that there must be some defect ; that these wheels were not manufactured by the defendant, and he did not know who manufactured this wheel.

There was and had been no guard on any of the defendant's emery wheels.   A guard was used in some places, and would prevent the pieces of an exploding wheel from flying so as to cause such an injury as happened to the plaintiff.

At the close of the plaintiff's evidence, the judge of the Superior Court ordered a verdict for the defendant ; and the plaintiff excepts to this ruling.

Two questions in the case can be readily disposed of.   No contention is made that there was not evidence which would have warranted a finding that the plaintiff was himself in the exercise of due care.   He was engaged in his own work, and was in no way responsible for the operation, condition or explo-

sion of the wheel. *Meagher* v. *Crawford Laundry Machinery Co.* 187 Mass. 586, 589. *Murphy* v. *Marston Coal Co.* 183 Mass. 385. On the other hand, the jury would not have had a right to find that the defendant was negligent in not putting a guard over this wheel. No guard ever had been used in the defendant's factory. It was not contended, and there was no evidence, that the plaintiff was not aware of this fact when he began to work for the defendant; and the defendant owed no duty to him to make any change in this respect. ' *French* v. *Columbia Spinning Co.* 169 Mass. 531. *Ross* v. *Pearson Cordage Co.* 164 Mass. 257.

The most difficult question is whether there was evidence of. negligence on the part of the defendant in furnishing a defective emery wheel. This was practically a new wheel; there was evidence that it would not have exploded if there had not been some defect in it; there was nothing to show that the man who was running it was operating it in any respect improperly or at an excessive rate of speed. The jury well might have found that there was a defect in the wheel, and that the explosion was due to the existence of this defect. There was a duty incumbent on the defendant to see that its machines and all parts of them were in, a reasonably safe condition and suitable for the purpose for which they were to be used, so far as this could be done by the exercise of proper care on its part. *Murphy* v. *Marston Coal Co.* 183 Mass. 385. *Droney* v. *Doherty,* 186 Mass. 205. *Toy* v. *United States Cartridge Co.* 159 Mass. 313. But there was nothing to show what the defect in this wheel was. The only witness who testified on this subject said that he could not tell the nature of the defect at all. There was absolutely no evidence to show that the most careful inspection or the highest degree of diligence on the part of the defendant could have discovered any indication of danger in using this wheel. *Harnois* v. *Cutting,* 174 Mass. 398. There well may have been nothing more than a hidden flaw, such as was found to exist in *Roughan* v. *Boston & Lockport Block Co.* 161 Mass. 24. The jury did not see the pieces of the broken wheel, as in *Jones* v. *Pacific Mills,* 176 Mass. 354. The wheel was not manufactured by the defendant. Nor was there any evidence as to the condition of the broken surfaces, as in *Toy* v. *United States*

*Cartridge Co., ubi supra.* The decisions relied upon by the plaintiff go no further than to say that the explosion of this wheel was some evidence of a defect in it. But this is not enough to make out negligence by the master in an action to recover for personal injuries to his servant. *Hill* v. *Iver Johnson Sporting Goods Co.* 188 Mass. 75. The burden is upon the plaintiff to show affirmatively that the defendant was negligent; and we cannot find that there was any evidence to show this. It cannot be affirmed except upon bare conjecture. *Donaldson* v. *New York, New Haven, & Hartford Railroad,* 188 Mass. 484. *Clare* v. *New York & New England Railroad,* 167 Mass. 39. If, as is the case here, other causes than the defendant's negligence might have produced this accident, the plaintiff was bound to exclude the operation of such causes by a fair preponderance of the evidence; and this he has not done. *McGee* v. *Boston Elevated Railway,* 187 Mass. 569. *Faulkner* v. *Boston & Maine Railroad,* 187 Mass. 254. *Wadsworth* v. *Boston Elevated Railway,* 182 Mass. 572. *Drum* v. *New England Cotton Yarn Co.* 180 Mass. 113. *McKay* v. *Hand,* 168 Mass. 270. *Allen* v. *Smith Iron Co.* 160 Mass. 557. *Kendall* v. *Boston,* 118 Mass. 234.

Accordingly we are of opinion that the court rightly ordered a verdict for the defendant.

*Exceptions overruled.*

*J. A. McGeough,* for the plaintiff.
*T. F. Noonan,* for the defendant.

