MICHAEL DONOVAN *vs.* CHASE SHAWMUT COMPANY.

Suffolk.   January 19, 1909. — March 1, 1909.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Negligence*, Employer's liability.  *Evidence*, Relevancy.  *Proximate Cause*.

At the trial of an action by the father of an employee of the defendant to recover for loss of the services of the son, who was a minor, due to his being injured by a knife on a wire cutting press falling upon his hand without his having pressed upon the treadle, such pressing being the only method in which the knife could have been caused to fall if the press had been in proper condition, the plaintiff offered in evidence testimony by a former employee of the defendant, who was familiar with the operation of the press, that the press was defective two months before the accident to the plaintiff's son, that, without the treadle being pressed down, the knife had fallen several times before the accident, and that the attention of the defendant's foreman had been called to that fact, but that the press still remained in the same condition when the accident to the plaintiff's son occurred. The evidence was admitted and the defendant alleged exceptions. *Held*, that the exceptions must be overruled, since the evidence was relevant to show negligence on the part of the defendant.

At the trial of an action by the father of an employee of the defendant to recover for loss of the services of his son, a minor, due to his being injured by the

knife of a wire cutting press at which he had been set at work falling upon his hand, if there is evidence tending to show that the knife should not have fallen unless a treadle had been pressed down, but that on this occasion it fell without the treadle's being pressed down, that the press had been out of repair for two months previous to the accident and that during that time the knife had fallen several times without the treadle being pressed down, that, although the condition of the press had been called to the attention of the defendant's foreman, the press remained in the same condition at the time of the accident to the plaintiff's son, and that the son was set at work on the machine without being warned of its defective condition, a finding of negligence on the part of the defendant is warranted.

At the trial of an action by the father of an employee of the defendant to recover for loss of the services of his son, a minor, due to his hand being injured by the knife of a wire cutting press falling upon it, there was evidence tending to show that the falling of the knife was due to a defect in the press of which the defendant knew or in the exercise of proper care should have known, that the employee was sixteen years of age, that he had been working for the defendant for a week and had been set at work upon the press the day before he was injured, that he had not been given any warning or instruction with regard to the defective condition of the press, that, although before he was injured the knife had come down several times without his pressing down the treadle, he had believed that such occurrences were incident to a proper operation of the machine and had continued with his work according to the instructions previously given to him. *Held*, that the employee could not as matter of law be said to have assumed the risk of the injury, and that a finding that he was in the exercise of due care was warranted.

The fact, that wire, which was being fed into a wire cutting press from a reel, did not unwind freely because of a faulty condition of the reel due to negligence of a fellow servant of the pressman, does not as matter of law preclude recovery from the employer for an injury to the pressman due to the knife of the machine falling, because of a defective condition of the machine, without the treadle being pushed down, and striking the pressman's hand which he had put under the knife in an effort to make the wire come from the reel properly, since the defective condition of the part of the press which should have prevented the knife's falling, and not the defective condition of the reel, might be found to have been the proximate cause of the injury.

TORT for loss of services of the plaintiff's minor son and the expense of medical attendance upon him, as stated in the opinion. Writ in the Municipal Court of the City of Boston dated May 19, 1904.

On appeal to the Superior Court, the case was tried before *Schofield*, J. The facts are stated in the opinion. The jury found for the plaintiff; and the defendant alleged exceptions.

*M. O. Garner*, for the defendant.

*J. A. McGeough*, for the plaintiff.

BRALEY, J. This is an action of tort at common law to recover for loss of services of the plaintiff's minor son, James

L. Donovan. The declaration as finally amended contained two counts, one charging the defendant with furnishing for the son's use a defective press by which he was injured, and the other for setting him at work upon it without any previous warning or instructions as to its unsound condition. The negligence alleged under the second count is not in exposing an employee to the risk of injury from the inherent danger arising from the use of unguarded or rapidly moving machinery which is in proper repair, but in exposing him to the chance of injury from defective machinery, of which he is ignorant, without warning him of the danger. See *Boyd* v. *Taylor*, 195 Mass. 272, 275, and cases cited. By the form of their verdict the jury found for the plaintiff on both counts, and the defendant contends there was no evidence of its negligence, or of the due care of its servant.

It appears from the evidence introduced by the plaintiff, and which the defendant made no attempt to control, that at the time of the accident the plaintiff's son was operating the press cutting copper wire, which unwound from a reel and then passed through a slot in the machine under a knife worked by a treadle controlled by the operator. In operation, if the press is in running order, the knife should not descend until the treadle is pressed down, when upon being released, as the required length of wire is reached, it cuts the wire. It was uncontroverted that after the knife had ascended, and while the plaintiff's son was attempting to draw the wire into position for the next strip, with his foot removed from the treadle, the press repeated and the knife came down, causing the injuries to his hand which were the occasion of the consequential damages suffered by the plaintiff.

If the unexplained fall of the knife when the treadle was at rest was some evidence of the defendant's negligence within the doctrine of *Byrne* v. *Boston Woven Hose & Rubber Co.* 191 Mass. 40, 42, *Ryan* v. *Fall River Iron Works Co.* 200 Mass. 188, and *Silverman* v. *Carr*, 200 Mass. 396, the plaintiff went further and offered the testimony of a former employee of the defendant, who was familiar with the operation of the press, that it was defective before and at the time of the accident. It appears from his testimony, which was relevant and properly was admitted, that not only for some two months before the accident

had there been a repetition of the knife several times, to which the attention of the defendant's foreman had been called, but the press still remained in the same condition when the plaintiff's son was injured. *Droney* v. *Doherty*, 186 Mass. 205, 207. The jury would be warranted in finding therefrom that the press was out of repair and that the defendant either knew or in the exercise of reasonable diligence should have known that it had become dangerous and unsafe, and the case at bar therefore falls within the case of *Mulvaney* v. *Peck*, 196 Mass. 95. If they found this, then, if the defendant set the plaintiff's son at work without giving him any warning or instructions as to the dangerous or unsafe character of the press and he was injured, the defendant would be responsible unless the plaintiff's son knew of the defect and appreciated the danger. *Donahue* v. *Buck*, 197 Mass. 550, 552.

The defendant urges that upon the son's evidence the risk of injury was assumed and no instructions were necessary. The automatic starting of a machine when at rest is not ordinarily an obvious risk which the employee assumes by his contract of service. *Murphy* v. *Marston Coal Co.* 183 Mass. 385. And there is no evidence that he knew that the knife would fall without working the treadle until within a few hours before he was injured. The accident happened within a week after he had entered the defendant's employment and within less than a day after he had been set at work cutting wire. He was sixteen years of age, and came directly from school to the defendant's works, where at first he was employed in labor which did not require the use of machinery. When transferred to cutting wire, instructions were given as to the method of operation, which was comparatively simple and easily understood, but he received no information from any one as to the defective character of the press. It appears, however, from his testimony that, while he was using the press the night before and the following morning, the knife came down several times when his foot was off the treadle. But, in view of his inexperience coupled with his statement that he believed these repetitions were incident to the proper operation of the press and that while at his work he followed the instructions received, it cannot be said as matter of law that he appreciated the danger and assumed the risk of in-

jury by continuing at his employment, or that he was guilty of contributory negligence. *Mahoney* v. *Dore,* 155 Mass. 513, 519. *Garant* v. *Cashman,* 183 Mass. 13, 18.   *Bowden* v. *Marlborough Electric Machine & Lamp Co.* 185 Mass. 549.   *Wagner* v. *Boston Elevated Railway,* 188 Mass. 437, 440, 441.   *Byrne* v. *Learnard,* 191 Mass. 269.   *Urquhart* v. *Smith & Anthony Co.* 192 Mass. 257, 263.   *Hodde* v. *Attleboro Manuf. Co.* 193 Mass. 237.   *Mc-Guinness* v. *Lehan,* 193 Mass. 241.   *Lynch* v. *Lynn Box Co.* 194 Mass. 307.   *Reardon* v. *Byrne,* 195 Mass. 146.   *Cooney* v. *Commonwealth Avenue Street Railway,* 196 Mass. 11.

It also is contended that, because the wire did not unwind freely owing to a faulty adjustment of the reel to the press, thereby causing his hand to slip as he pulled the wire along to get it into place, the plaintiff cannot recover.   But, even if the reel was not properly adjusted through the act of a fellow servant, the jury could find under appropriate instructions, which the exceptions state were given, that the direct and proximate cause of the injury was attributable to the defective machine, for if the knife had not fallen he apparently would have escaped unharmed.   *Oulighan* v. *Butler,* 189 Mass. 287, 292, 293.   *Doe* v. *Boston & Worcester Street Railway,* 195 Mass. 168, 172.

The exceptions of the defendant to the admission of evidence, and to the refusals to rule as requested, accordingly must be overruled.

*So ordered.*