KATHERINE J. SHEEHAN *vs.* HAZEN B. GOODRICH & another.

Essex.    November 2, 1910. — November 22, 1910.

Present: KNOWLTON, C. J., HAMMOND, LORING, SHELDON, & RUGG, JJ.

*Negligence,* Employer's liability.

At the trial of an action by a girl twenty years of age against her employer to recover for injuries caused by the breaking of a needle on a machine, which the plaintiff was operating, for sewing buttons on shoes, it appeared that the machine was similar to an ordinary sewing machine except that there was attached to its top a can, connecting by a chute with the needle, for feeding buttons in proper positon to the needle automatically. The plaintiff testified that she had worked upon the machine about a month, after having been shown how to operate it by an employee of the manufacturer of the machine, that she knew needles would break easily, and that they sometimes had broken when she pulled the thread down; that four days before the accident the automatic button feed did not work properly, and a representative of the manufacturer of the machine had repaired it, after which it worked properly during the remainder of that day, that the machine was not operated again until the morning of the accident when "the buttons seemed to come down in the foot, and the foot held," the needle broke, and the plaintiff was injured. *Held,* that there was no evidence which would have warranted a finding that the breaking of the needle was caused by a defect in the machine, since the cause of the accident was left a matter of conjecture and speculation, nor was there evidence of a negligent failure of the defendant to warn or to instruct the plaintiff, nor of negligence of a superintendent of the defendant. ·

TORT for personal injuries received through a needle breaking and flying into the plaintiff's eye while she, a girl twenty years of age, was at work upon a machine for sewing buttons on shoes in the defendant's shoe factory, the declaration containing two counts at common law, one alleging negligence in furnishing the plaintiff with unsafe, dangerous and defective tools and machinery to work with and a second alleging negligence in failing to warn or instruct her of dangers attending her work, and two counts under R. L. c. 106, § 71, cl. 1, 2, alleging as causes of the plaintiff's injury defective ways, works or machinery of the defendant and negligence of a superintendent. Writ dated August 2, 1906.

In the Superior Court the case was tried before *De Courcy,* J. At the close of the plaintiff's evidence the presiding judge ordered

a verdict for the defendant and reported the case for determination by this court. The facts are stated in the opinion.

*E. S. Abbott*, for the plaintiff.

*W. H. Hitchcock*, for the defendants.

RUGG, J. This is an action of tort to recover for personal injuries received by the plaintiff while in the employ of the defendant, through the breaking of a needle on a machine used for sewing buttons on shoes. The machine was similar to an ordinary sewing machine, except that there was attached to its top a can connected by a chute with the needle. This device was for the purpose of automatically feeding the buttons down to the needle in such a position that the needle would pass through the eye of the button and thus fasten it to the shoe. The plaintiff was twenty years old, and had worked upon the machine about a month in all before the accident. Before running the machine she was shown how to operate it by an agent of the manufacturer of the machine. Four days before the accident, because the buttons did not come down to the needle, a representative of the manufacturer of the machine fixed it, and it worked all right during the remainder of that day. The machine was not operated again until the morning of the accident, when as the plaintiff testified " the buttons seemed to come down in the foot, and the foot held," the needle broke, and the plaintiff was injured. The plaintiff testified that she had never seen a needle break in that way before, although she knew they would break easily, and sometimes, when she pulled the thread down, the needle would snap right off. It is matter of common knowledge that sewing needles used upon machines and by hand not infrequently break, and of this the plaintiff testified that she was aware.

While the plaintiff in a case of this sort is not bound to exclude every other theory as to the cause of the injury, except such as is directly attributable to the defendant's fault, he must show some connection between it and a wrongful act of the defendant, and not leave it to surmise, conjecture and speculation. When according to common experience the cause may be as reasonably ascribed to a condition for which the defendant is not reponsible as to one for which he is, then the plaintiff is not entitled to recover. *Graham* v. *Badger*, 164 Mass. 42, 47. *Childs* v. *American Express Co.* 197 Mass. 337. *Ryan* v. *Fall*

*River Iron Works Co.* 200 Mass. 188. Although a part of the machine was out of order on the last working day before the injury, this did not then cause the needle to break, nor so far as appears affect it in any way. That difficulty was repaired, and the machine continued to operate properly during the remainder of that day. There is no evidence to indicate what caused the breaking of the needle. It was likely to break easily without apparent cause or from being inserted unevenly or from striking a foreign substance, or from other reasons that might be suggested wholly disconnected with the failure of the chute conveying the buttons to work properly.

There was no evidence of negligence in failing to instruct the plaintiff as to the operation of the machine or to warn her of its danger. From her cross-examination it appears that she was familiar with the putting in of the needle and with the ordinary working of the machine, and the record is bare of anything to show that a more complete mechanical knowledge of it would have prevented the accident. The operation of the machine was simple, and her original instruction by the agent of the manufacturer of the machine together with her experience gave her all the knowledge necessary for the performance of her duty. There is nothing to show that any warning or instruction could reasonably have been given to the plaintiff which would have prevented the injury. Under such circumstances there is no duty resting on the employer to give instructions. *Whalen* v. *Rosnosky,* 195 Mass. 545. *Healy* v. *Gilchrist Co.* 205 Mass. 393.

The superintendent does not appear to have been in any respect negligent. The moment his attention was called to the irregular operation of the machine four days before the accident he caused it to be remedied, so that the machine worked perfectly. No connection is shown between this circumstance and the accident.

*Judgment for the defendants.*