MORRIS CHIUCCARIELLO vs. CHARLES H. CAMPBELL
& another.

MARIANO CHIUCCARIELLO vs. SAME.

Suffolk.   November 21, 1911. — January 3, 1912.

Present: RUGG, C. J., HAMMOND, BRALEY, SHELDON, & DECOURCY, JJ.

*Negligence,* Employer's liability, In a factory, Automatic machine, *Res ipsa loquitur.*

If a boy fourteen years of age who, after being employed in a can making factory for two days, is set at work upon a machine having an arm which by a treadle being pushed down is caused to descend with force upon a stationary projection and which, if the machine is in order, should not descend without the treadle being pushed down, is injured within two hours after being set at work upon the machine by the arm descending upon his thumb without the treadle being pushed down, he can be found to be in the exercise of due care although once during the two hours that he was at work at the machine he saw the arm descend while his foot was off the treadle, if he did not know what it meant.

Where, at the trial of an action by an employee in a can making factory against his employer for injuries alleged to have been received because an arm upon a machine at which he was working, which should have descended only upon a treadle being pushed down, descended without any pressure having been applied to the treadle, there is evidence for the plaintiff tending to show only that the machine was comparatively new and had been used by the defendant less than six months, that if it had been built and maintained in proper order the arm should not have descended without pressure being applied to the treadle, and that there was no pressure upon the treadle at the time when the arm descended and injured the plaintiff, the question, whether the starting of the machine was due to negligence for which the defendant was liable, should be submitted to the jury.

TWO ACTIONS OF TORT, the first for personal injuries, received by a boy (hereinafter called the plaintiff) fourteen years of age while in the employ of the defendant in a can making factory and at work at a machine called a " Bliss Bumper," and alleged to have been caused by a defective condition of the machine; and the second action by the father of the plaintiff in the first, seeking damages for loss of services and expenses for medical attendance and medicines.   Writs dated November 18, 1905.

In the Superior Court the cases were tried together before *Bell,* J.   In the bill of exceptions the machine was described as follows: " The machine was operated by power.   At its front were two projections or 'horns,' one stationary and the other

movable. At the bottom of the machine was a treadle, worked by foot. A can would be placed over the lower projection, then, by putting the foot on the treadle, the upper projection would come down on the can, clamping its seam. The upper projection would then go up and if the foot was taken from the treadle, the upper projection would remain at rest and not come down again." An expert machinist testified that, if the machine were built and maintained in perfect order, it should not "repeat," that is, the upper projection should not come down after returning to its upright position without the treadle again being pushed down.

The plaintiff testified that he was injured on the third day of his employment by the defendant, and that he was not set at work in any way at any machine until the morning of the third day; that after he was put at work on the machine the upper "horn" came down once before he was injured when his foot was off the treadle, but that he did not know what it meant. Later a foreman who had hired him came to him and told him he was not doing his work right and showed him how. " He then walked away and I worked for about five minutes. Then I took my foot off the treadle and picked up a can and went to put it on the lower horn. I heard something snap and the upper horn came right down on my thumb. I am sure my foot was off the treadle." The accident happened within two hours after the plaintiff had been set at work at the machine. The machine was a new one and had been installed in the factory less than six months before the accident.

At the close of the evidence the presiding judge ordered verdicts for the defendants ; and the plaintiffs alleged exceptions.

*E. Greenhood*, for the plaintiffs.

*W. H. Hitchcock*, (*C. M. Pratt* with him,) for the defendants.

SHELDON, J. The jury could have found that the plaintiff in the first case was in the exercise of due care, and had not assumed the risk of the accident which happened. *Murphy* v. *Marston Coal Co.* 183 Mass. 385. *O'Neil* v. *Ginn*, 188 Mass. 346. *Donovan* v. *Chase Shawmut Co.* 201 Mass. 357.

The evidence tended to show that his injury was caused by the machine on which he was at work starting from a full stop without his having put it in motion by placing his foot upon

the treadle, which was the way it was intended to be started. An expert testified that this could not have happened without some defect in the machine. The machine was comparatively new, having been in use less than six months.

There is no dispute that from the fact of this unexplained starting at a time and under circumstances when it ought not to have started at all, the jury could have found that there was a defect of some kind in the machine, and that this defect was the cause of the undue starting or " repeating " to which the injury was due. But the defendants contend that this, standing by itself, would not have warranted the further inference of any negligence or failure of duty on their part; and unless such negligence could have been found, the judge acted correctly in ordering a verdict in their favor.

It is perfectly true that negligence ordinarily cannot be inferred from the happening of an accident to an employee or from the discovery in a machine or other instrumentality of a latent defect for which under the existing circumstances no responsibility can be imputed to the employer. There is no liability for injury to a servant unless there has been some negligence for which the master is liable. *Flynn* v. *Beebe*, 98 Mass. 75. *Roughan* v. *Boston & Lockport Block Co.* 161 Mass. 24. *Kenneson* v. *West End Street Railway*, 168 Mass. 1. *Harnois* v. *Cutting*, 174 Mass. 398. *Hofnauer* v. *R. H. White Co.* 186 Mass. 47. *Hill* v. *Iver Johnson Sporting Goods Co.* 188 Mass. 75. *Saxe* v. *Walworth Manuf. Co.* 191 Mass. 338. *Curtin* v. *Boston Elevated Railway*, 194 Mass. 260. *Thompson* v. *National Fireworks Co.* 195 Mass. 327. *Childs* v. *American Express Co.* 197 Mass. 337. And in most cases of the unexplained starting of a machine, in which an action has been maintained for injuries thereby caused, there has been some further evidence of negligence on the part of the employer, either by evidence of previous instances of such starting, or of other trouble in operation, that were or ought to have been known to him, or that it was old, worn out, second-hand or otherwise in need of more inspection or repairs than it had received, or that it was improperly set up or adjusted, or that recent repairs had left it in bad condition, or otherwise. *Donahue* v. *Drown*, 154 Mass. 21. *Mooney* v. *Connecticut River Lumber Co.* 154 Mass. 407. *Connors* v. *Durite*

*Manuf. Co.* 156 Mass. 163.  *Packer* v. *Thomson-Houston Electric Co.* 175 Mass. 496.  *Gregory* v. *American Thread Co.* 187 Mass. 239.  *Lynch* v. *M. T. Stevens & Sons Co.* 187 Mass. 397.  *O'Neil* v. *Ginn,* 188 Mass. 346.  *Fountaine* v. *Wampanoag Mills,* 189 Mass. 498.  *Byrne* v. *Boston Woven Hose & Rubber Co.* 191 Mass. 40.  *Ryan* v. *Fall River Iron Works Co.* 200 Mass. 188.  *Donovan* v. *Chase Shawmut Co.* 201 Mass. 357.  But although in many of the above named cases the conclusion reached was supported by such additional evidence, yet in others the employer was held liable by reason merely of the unexplained starting.  This was so for example in *Byrne* v. *Boston Woven Hose & Rubber Co.* 191 Mass. 40.  In *Mulvaney* v. *Peck,* 196 Mass. 95, the court approached this doctrine.  In *Ryan* v. *Fall River Iron Works Co.* 200 Mass. 188, the judge at the trial instructed the jury that if they were not satisfied as to what was the specific cause of the starting of the loom, which was the instrumentality there in question, yet if it did start suddenly from a position of rest when it had been properly stopped, that could be taken to show not only that there was some defective condition in the loom, but also that there was negligence in connection with that defective condition. This instruction was held to be correct; and the present Chief Justice, in giving the opinion of the court, declared that " the unexplained automatic starting of a machine, when it ought to remain at rest" stood upon a different basis from other causes of injury to employees, and elaborately explained the reasons for holding that negligence of the employer might be inferred in such a case from the mere fact of the starting.  The reasoning of that decision has not been criticised by this court; on the contrary it frequently has been cited with approval.  *Donovan* v. *Chase Shawmut Co.* 201 Mass. 357, and 205 Mass. 248, 252. *Archer* v. *Eldredge,* 204 Mass. 323, 325.  *Cormo* v. *Boston Bridge Works,* 205 Mass. 366, 369.  *Sheehan* v. *Goodrich,* 207 Mass. 99, in which the plaintiff failed to bring herself within the principle.

We are of opinion that the cases should have been submitted to the jury.

*Exceptions sustained.*