## MORRIS M. GREENSTEIN *vs.* WILLIAM M. CHICK.

Essex.  November 3, 1904. — January 4, 1905.

Present: KNOWLTON, C. J., LATHROP, BARKER, HAMMOND, & LORING, JJ.

*Practice; Civil,* Exceptions.  *Employers' Liability Act.  Negligence,* Employer's liability.

On the argument of an exception to a refusal to rule that the plaintiff is not entitled to recover in an action under the employers' liability act, the defendant cannot raise the point that the count on which the case was tried set forth no cause of action under the act, if this point was not raised in the court below either by demurrer or by asking for a ruling on the pleadings, and the case was tried on the assumption that the count properly alleged the negligence of a superintendent of the defendant within the terms of the act.

Under the employers' liability act the signature to a notice of the time, place and cause of an injury is sufficient if signed with the name of the plaintiff's attorney by the attorney's stenographer to whom he dictated it.

If a superintendent in a factory says that he will go to the engine room and have the power shut off to stop the machinery so that a belt may be unwound from a shaft around which it has been drawn after coming off a pulley, and tells a workman to go upon a platform after the machine has stopped and unwind the belt, and if a few minutes later the machine stops and the workman goes upon the platform and begins to unwind the belt, when the machine almost instantly starts and catches the workman's arm, causing personal injury, this is evidence of negligence on the part of the superintendent for which the proprietor of the factory can be held liable to the workman.  When a superintendent puts a workman in such a dangerous place it is his duty to look out for him and see that the machinery does not start.

TORT for personal injuries received on May 22, 1901, while the plaintiff was employed in the defendant's factory at Haverhill, alleged to have been caused by the negligence of one Pratt, the defendant's foreman in charge of the work at the factory. Writ dated August 24, 1901.

In the Superior Court the case was tried before *De Courcy,* J., who refused the defendant's requests for rulings which are quoted in the third paragraph of the opinion, and submitted the case to the jury with a special question the answer to which is stated in the same paragraph of the opinion.  The jury returned a verdict for the plaintiff in the sum of $4,000 ; and the defendant alleged exceptions.

*W. S. Knox & J. H. Pearl,* for the defendant.

*J. J. Mahoney,* for the plaintiff.

LATHROP, J.   1. The defendant first contends that the plaintiff was not entitled to recover on the third count, on which the case went to the jury, on the ground that the count does not set forth a cause of action under the St. of 1887, c. 270, § 1, cl. 2, in that it does not set forth that the injury was caused "by reason of the negligence of any person in the service of the employer, entrusted with and exercising superintendence, whose sole or principal duty is that of superintendence." But the answer to this is that no such question was raised in the court below, either by demurrer, or by asking for a ruling upon the pleadings. We have no desire to encourage slovenly pleadings, but it is evident that this case was tried in the court below on the assumption that the third count was a good count under the statute, as the exceptions state that it was admitted that Pratt, the foreman, who was charged in the count with negligence, was a superintendent within the employers' liability act.

2. The next question is as to the notice. No objection is made to the form of it, but only to the signature, which is "David Benshimol, per H. B." Mr. Benshimol testified that he was retained to give the notice; that he dictated the notice to his stenographer, Helen Blair, and that his name was written by her by his authority. We have no doubt that the notice was sufficient. *Dolan* v. *Alley*, 153 Mass. 380, 382.

3. The remaining question arises upon the exception of the defendant to the refusal of the presiding judge to give the following rulings: "1. Upon all the evidence the plaintiff is not entitled to recover. 2. There is not sufficient evidence to authorize the jury to return a verdict for the plaintiff." The evidence in the case was very contradictory ; and it was impossible for the judge to give the rulings requested, unless the plaintiff failed to make out a case entitling him to recover. It is clear from the evidence given by the plaintiff and his fellow workman who testified in his behalf that the jury were warranted in finding that the belt, which operated the machine at which the plaintiff was working, came off the lower pulley and began to wind around the shafting above ; that the plaintiff spoke to Pratt, the superintendent, about it; that Pratt, after examining the machine, said he would go to the engine room and have the power shut off ; that the plaintiff was directed by Pratt,

when the machine stopped, to go up on a platform and unwind the belt; that within a few minutes the machine stopped; that the plaintiff went upon the platform as directed and began to unwind the belt, when the machine almost instantly started, the plaintiff's arm was caught, and he sustained the injury complained of. The case is not one of the giving of an order by the superintendent which was disobeyed by the engineer, a fellow servant of the plaintiff, for Pratt denied giving the order and the engineer denied receiving any order from him, and testified that the engine was not stopped until after the accident. The jury found specially that the machinery was not in motion when the plaintiff took hold of the belt. The accident was of a kind easily preventable by the exercise of due care and superintendence on the part of Pratt. He had put the plaintiff in a dangerous place to work if the machinery started, and it was his duty to look after him and see that the machinery did not start. See *Scullane* v. *Kellogg*, 169 Mass. 544, 549; *Malcolm* v. *Fuller*, 152 Mass. 160; *Davis* v. *New York, New Haven, & Hartford Railroad*, 159 Mass. 532; *O'Brien* v. *West End Street Railway*, 173 Mass. 105.

*Exceptions overruled.*