## DAVID A. LYNCH *vs.* M. T. STEVENS AND SONS COMPANY.

Essex.   November 2, 1904. — February 28, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, HAMMOND, LORING, & BRALEY, JJ.

*Negligence,* Employer's liability.   *Practice, Civil,* New trial, Verdict.

If a workman in a factory is injured by a machine starting of itself after he has stopped it, through a defect which it was the duty of a foreman to remedy and of which the foreman had notice, and if the foreman on the day before the accident promised to repair the machine to prevent its starting in this way and assured the workman before he went to work on the day of the accident that the machine was all right, the workman has a right to rely on this assurance, and the employer is liable to the injured workman both at common law and under the employers' liability act.

In an action for personal injuries by a workman against his employer, with counts both under the employers' liability act and at common law, if the plaintiff on the evidence is entitled to recover at common law as well as under the act, but the judge states that he shall submit the case to the jury only under the statute and in his charge does not specify how he leaves it to them and does not mention the limit of damages, under the practice which has grown up in this Commonwealth the defendant's counsel has the right to assume that the case is going to the jury only on the counts under the statute, and if the jury find generally for the plaintiff in a sum in excess of $4,000, the plaintiff can be made to relinquish his damages in excess of that sum or be compelled to try his case again, although the defendant in excepting to the ruling of the judge that the plaintiff was entitled to go to the jury under the employers' liability act did not

ask the judge to order a verdict for the defendant on the common law counts, and although the plaintiff was entitled to go to the jury on all the counts and to recover at common law as well as under the statute.

LORING, J.   This was an action to recover for the loss of a hand caused by a wool picker starting automatically from a dead stop while the plaintiff was cleaning the machine as he had been told to do.   The machine was operated by a belt which came up through the floor and passed over a tight or a loose pulley on the machine as it was moved from one pulley to the other by a shipper handle.   This belt and these pulleys were entirely covered by wooden casings and could not be seen by the operator of the machine.   At the time of the accident the plaintiff was sixteen years of age and had been at work in the picker room for two weeks.   He testified that during the first week of his employment in that room he saw the machine start automatically; that he reported this to the foreman who hired him and had charge of the room; that the foreman promised to fix it; that he went to the foreman's office the next morning before he began work and asked if the machine was all right, and the foreman said it was.   The loose pulley was slightly convex, and one eighth of an inch smaller than the tight pulley.   The belt was always in motion and when on the loose pulley was intended to run around it loosely, without setting the machine in motion.   There was evidence that there was too much vibration on the loose pulley, caused by the shaft being worn, that the belt was too tight, and that under such circumstances, when the belt had been thrown on to the loose pulley it might automatically work back on to the tight pulley.

This entitled the plaintiff to go to the jury on the common law ground that the machine was defective through the defendant's failure to perform the duty owed by it, from which it is not released by committing the performance of it to its servants, (for similar cases see *Gregory* v. *American Thread Co., ante,* 239, and cases there cited,) as well as on the ground that there was a defect in the machinery under R. L. c. 106, § 71, cl. 1, of which the defendant's foreman, who had charge of its repairs, had notice, and which through his negligence was not remedied.

The plaintiff had a right to rely on the assurances given by the foreman the day after he promised to "fix" the machine

that it was all right. *Gregory* v. *American Thread Co., ubi supra.* *Mooney* v. *Connecticut River Lumber Co.* 154 Mass. 407.

The defendant's main contention on the merits is that the plaintiff is prevented from recovering by his negligence in not plugging the shipper handle after it had been pulled away from the machine as far as it would go, which there was evidence that he did and which was the proper thing to do to stop the machine. There was a cleat back of the machine, with holes in it, and there was a hole in the handle of the shipper. On the part of the defendant there was evidence that a plug was furnished by it for this purpose. But the plaintiff and other witnesses testified in his behalf that there was none.

The defendant also contended that so far as the employers' liability act was concerned the plaintiff was barred by R. L. c. 106, § 77, because he had not asked for a plug. In this connection the defendant relies on the plaintiff's testimony, " That he knew that if a plug was pushed through the hole of the shipper handle into the ·hole in the cleat directly behind it . . . it would hold the shipper handle firmly in place, but that there was no plug there for that purpose and had never been during the time he had worked for the defendant, and that he had never been instructed that a plug was necessary, and that he did not know that it was necessary in order to hold the shipper handle from moving ; and that he never complained of its absence." But the plaintiff also testified "that this [pushing the shipper handle back] was all he ever did or ever saw done, or was ever told to do or ever understood was necessary to be done when he wished to keep the machine from running while he was in the employ of the defendant " ; and an expert testified in his behalf " that even if a plug had been used to secure the shipper handle when the belt was running on the loose pulley . . . a belt as tight as this one was might have started the machine from the loose pulley."

This brings us to the main question argued at the bar, which is presented by the following report of the presiding judge : " At the close of the evidence the defendant asked the judge to rule that the action could not be maintained. The judge remarked that he thought the action could be maintained under the employers' liability act and said he would so rule. The de-

fendant excepted, and the plaintiff did not. This was said at the bar in the presence of the jury, but nothing further was said concerning it, and the judge's charge is annexed at the request of the parties. The jury returned a verdict of $8,500. Subsequently the defendant made a motion to set aside the verdict, which motion is annexed. The plaintiff now contends that this intimation or ruling (as stated above) on the part of the judge that the action could not be maintained at common law was erroneous and was not a ruling, and as nothing was said to the jury at the time concerning it or subsequently in the charge, the verdict should stand for the full amount."

The judge reported the case as follows: "I am now of the opinion that the plaintiff had a right to go to the jury on all the counts, but as at the trial I stated or ruled as before stated, that he had not that right, I am of the opinion that the verdict cannot stand for the full amount, but I report the case for the consideration of the Supreme Judicial Court. If under the facts herein stated the verdict can stand for the full amount thereof judgment·is to be entered thereon. If the verdict cannot stand for the full amount, but can stand for $4,000, it is to stand for that amount, provided the plaintiff waives in writing all of the verdict over that sum. If the verdict cannot stand for either amount, the same is to be set aside, or such order is to be made as law and justice require."

The judge's charge is made part of the report, and the defendant and plaintiff have argued, respectively, from what the judge said in his charge, that the case was and was not left to the jury under the employers' liability act alone.

Where, as in the case at bar, there are several counts for the same cause of action and the presiding judge rules that the plaintiff has not made out in proof the allegations of one or more of them, or for other reasons cannot have a verdict on some of the counts, it is a usual practice in this Commonwealth not to direct a verdict for the defendant on those counts or otherwise dispose of them before submitting the case to the jury, but to submit the case to the jury on the other counts. It is not material how the practice grew up, or whether it ought to have grown up. It is in fact the practice, and the defendant's counsel had a right to rely on it in the case at

bar.   There was nothing in the charge which told him that the case was not being left to the jury as the presiding judge had stated that it would be left to them, namely, on the counts under the employers' liability act.   It is true that the jury were not told that they were restricted to a verdict of $4,000 in amount.   But if the defendant's counsel thought that his chance of getting a verdict for less than $4,000 was better without any reference being made to that sum than if an instruction was given on the point, he was not bound to have the jury instructed on it and told that they were restricted to a verdict not exceeding $4,000.   In the case at bar he had the unrevoked statement of the presiding judge that the case was to be submitted on the counts under the statute and a charge which was at least neutral, so far as the question went of its being a charge at common law or under the employers' liability act.   Under the practice of which we have spoken he had a right to assume that the case was submitted to the jury on statutory counts only.

The error which the defendant has shown is that the counts on which the case must be taken to have been submitted cannot carry a verdict beyond $4,000 in amount.

At the argument the plaintiff's counsel insisted that he was not called upon to take an exception until the judge made a ruling that the plaintiff could not recover on the common law counts; that the presiding judge never made that ruling; that he went no further than to state that he intended to make it; that he (the plaintiff's counsel) waited until the presiding judge should direct the jury to render a verdict for the defendant on the common law counts, intending to except to that ruling then, namely, when it was made.   But even if we were of opinion that the practice ought to be what the plaintiff's counsel assumed it to be, it is not in fact the only practice in use, and in our opinion the case must be disposed of on the practice which has in fact obtained.

The plaintiff will have to try the case again if he wishes to recover at common law.   It is plain that the cause of his being put to this is a loose practice in dealing with the different counts in cases such as that now before us.   But the question of the correctness or desirability of what is in fact the practice is not now before us.

In accordance with the terms of the report a majority of the court are of opinion that the entry must be that the verdict is to stand for $4,000, provided the plaintiff waives in writing all of the verdict over that sum; otherwise, a new trial is to be had.

*So ordered.*

The case was argued at the bar in November, 1904, before *Knowlton*, C. J., *Lathrop*, *Barker*, *Hammond*, & *Loring*, JJ., and afterwards was submitted on briefs to all the justices.

*W. S. Knox*, (*W. Coulson* with him,) for the defendant.
*F. N. Chandler*, (*F. H. Eaton* with him,) for the plaintiff.