JOHN J. DUNPHY *vs.* BOSTON ELEVATED RAILWAY
COMPANY.

Suffolk.   November 23, 24, 1905. — June 21, 1906.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & SHELDON, JJ.

*Negligence,* Employer's liability.   *Elevated Railway.*

In an action against an elevated railway company by a workman in its employ for
personal injuries, if it appears that the plaintiff was put at work by a superin-
tendent of the defendant upon a track on a loop of the defendant's elevated
structure over which trains frequently were passing, both the superintendent
and the plaintiff knowing it to be a dangerous place, that the plaintiff looked up
to see whether a train was approaching and the superintendent, who was stand-
ing near, saw him do it and said "All right, Jack," that thereupon the plaintiff
went on with his work and was struck and knocked off the track by a passing
train, and was injured, that an approaching train could be seen one hundred and
fifty feet away, and that the superintendent as he stood there was doing noth-
ing and gave the plaintiff no warning of the approach of the train; this warrants
a finding that the plaintiff was justified in assuming that the superintend-
ent was looking out for him and in acting accordingly, and therefore was in
the exercise of due care, and also warrants a finding that the superintendent
was negligent.

MORTON, J.   The plaintiff was struck and knocked off the
track by a passing train while working in the defendant's em-
ployment on the loop at the Dudley Street terminal station of the
defendant's railway in Boston, and this is an action to recover
for the injuries thereby received.   The declaration contained
five counts, the first being at common law and the others under
the employers' liability act.   The second count was for injuries
caused by negligence on the part of a person entrusted with and
exercising superintendence, whose sole or principal duty was
that of superintendence.   The case was submitted to the jury
on this count only, the judge ruling that there was no evidence
entitling the plaintiff to recover under the other counts.   There
was a verdict for the plaintiff, and the case is here on the
defendant's exceptions.

We think that the ruling was right.   The plaintiff was set
to work by Boyd, the superintendent, in what both knew to be
a dangerous place.   According to the plaintiff's testimony he
looked up to see if a train was approaching, and Boyd, who was

standing near, saw him do it and said " All right, Jack," and the plaintiff went on with his work. This, if believed, warranted the jury in finding that the plaintiff was in the exercise of due care and was justified in assuming that Boyd was looking out for him and in acting accordingly. The evidence showed that an approaching train could be seen one hundred and fifty feet away and that Boyd stood there with nothing to do, but gave the plaintiff no warning of the approach of the train that struck him. This warranted a finding of negligence on the part of Boyd. It was not contended that Boyd was not a superintendent. See *Davis* v. *New York, New Haven, & Hartford Railroad,* 159 Mass. 532; *Scullane* v. *Kellogg,* 169 Mass. 544; *Greenstein* v. *Chick,* 187 Mass. 157; *Lynch* v. *Stevens & Sons Co.* 187 Mass. 397.

*Exceptions overruled.*

*C. F. Choate, Jr.,* for the defendant.
*H. E. Bolles,* (*H. M. Channing* with him,) for the plaintiff.

