FRANK BAGGNESKI *vs.* LYMAN MILLS.

Hampden.     September 25, 1906. — October 17, 1906.

Present: KNOWLTON, C. J., MORTON, HAMMOND, & BRALEY, JJ.

*Negligence*, Employer's liability.

If a boy fifteen years of age employed as a back boy in a cotton mill, whose duty it is to clean certain mules when stopped for the purpose, while proceeding to clean a mule which he is justified in believing has been stopped for the purpose of being cleaned, and having no reason to think that repairs are to be made upon the mule while he is cleaning it, is injured by the carriage of the mule being moved for such repairs, in an action against the proprietor of the mill for his injuries he can be found to have been in the exercise of due care.

If a superintendent in charge of a room in a cotton mill, having reason to know that a boy fifteen years of age is or may be at work back of a mule cleaning its weights and that the boy is justified in thinking that the mule has been stopped for the purpose of being cleaned, sends a workman to repair the mule without taking any steps to ascertain where the boy is and if necessary to give him notice in time to save himself when the mule is moved, and the workman in proceeding to make the repairs sets the carriage of the mule in motion and injures the boy, in an action by the boy against his employer for his injuries there is evidence of negligence on the part of the superintendent.

Under the provisions of the employers' liability act a workman by his contract of employment does not assume the risk of an accident caused by the negligence of a superintendent of his employer.

TORT for personal injuries while employed in the mule room of a cotton mill of the defendant at Holyoke, the third count of the plaintiff's amended declaration, upon which the case was submitted to the jury, alleging that the plaintiff was injured by reason of the negligence of some person in the service of the defendant entrusted with and exercising superintendence and whose sole or principal duty was that of superintendence, and the plaintiff's specifications filed with his amended declaration designating one L'Heureux as the person thus referred to as a superintendent.     Writ dated March 17, 1904.

At the trial in the Superior Court before *De Courcy*, J. it appeared that the plaintiff was fifteen years of age on October 5, 1903, and that he was injured on January 16, 1904; that he had been in the defendant's employ about four months and before that never had worked in a mule room; that he was what was called a back boy and his duties were to put on roving, to sweep up, to put the tubes on the spindles and to clean the weights which were attached to and kept in position the small rollers under the roller beam of the mules; that on Saturday morning of each week at about half past seven o'clock it was customary to stop for an hour three pairs of mules for the purpose of cleaning the weights under the rollers; that these mules included the three on which the plaintiff worked; that the accident occurred on a Saturday morning when the three pairs of mules including those on which the plaintiff worked were stopped at the usual time in the customary way, and that the plaintiff was proceeding in the usual way to clean the weights; that after he had cleaned one mule, which took about twenty minutes, he went through the space or alley which ran between the carriage of that mule and the carriage of the mule that was next to it, which also was one of those on which he·worked; that he went through this space or alley to the end of this next mule, which was ready for cleaning, the carriage being out nearly to its full distance, or out a good distance; that he saw no one working upon or about it; that the plaintiff went under the roller beam of this second mule and began at the end of it to clean its weights with a brush in the usual way, being on his knees with his face turned away from the centre or head of the mule; that, after he had cleaned the weights of the mule in this manner for a distance of four or five feet, the carriage was started and ran into the roller beam, and the first thing the plaintiff knew he was caught between the edge of the carriage and the roller beam and received the injuries sued for.

There was evidence that one L'Heureux was in charge of the room under one Burke, an overseer, who came there only about once a day; that L'Heureux was charged with the responsibility of looking after the operations and seeing that the work was done properly; and that he went around the room inspecting the work and hired and discharged the workmen; that L'Heureux sent a

messenger for one LaFleur, who was employed in another room, to repair the mule on which the plaintiff was injured; that the six mules were stopped at the time, and before the starting of the mule the plaintiff and one Sullivan, the other back boy, each had begun to clean his three mules of the six; that L'Heureux gave the plaintiff no notice or warning in regard to repairing the mule; and that LaFleur proceeded to set in motion the carriage which ran into the roller beam and injured the plaintiff.

At the close of the evidence the defendant requested the judge to rule that upon the pleadings, the notice and the whole evidence the plaintiff was not entitled to recover. The judge refused to give this ruling, either in form or substance, and submitted the case to the jury, who returned a verdict for the plaintiff in the sum of $300. The defendant alleged exceptions.

*W. Hamilton*, (*W. H. Brooks* with him,) for the defendant.

*T. D. O'Brien*, for the plaintiff.

HAMMOND, J.   While the evidence was conflicting and would have warranted a finding for the defendant on several matters essential to the maintenance of the plaintiff's case, still we cannot say as matter of law that it did not warrant findings that the plaintiff, being at the time of the accident in his sixteenth year, believed that the mule was stopped for the purpose of being cleaned, and was justified in that belief; that it was the plaintiff's duty then to clean it, and that in the performance of that duty he proceeded to clean it; that he did not know and had no reason to think that repairs were to be made upon the mule while he was cleaning it; and that while thus at work he exercised due care according to the lights he had.

The evidence further warranted findings that L'Heureux was a person whose principal duty was that of superintendence, (*Malcolm* v. *Fuller*, 152 Mass. 160; *Prendible* v. *Connecticut River Manuf. Co.* 160 Mass. 131; *Knight* v. *Overman Wheel Co.* 174 Mass. 455, and cases therein cited,) and that he was negligent in his duty to the plaintiff in permitting the carriage to be moved without taking some steps to ascertain where the plaintiff was and, if necessary, to give him notice in time to save himself. Such findings are sufficient to maintain the plaintiff's case.

The plaintiff under the statute upon which the third count is

based did not assume the risk of this carelessness of L'Heureux. " The risk which the workman assumes by virtue of his contract of employment does not include the risk arising from the negligent act of a superintendent." *Murphy* v. *City Coal Co.* 172 Mass. 324, 327, and cases cited.

*Exceptions overruled.*