MAUD M. BELDING *vs.* ARTHUR P. LESURE & another.

Worcester.   February 23, 1909. — March 29, 1909.

Present: KNOWLTON, C. J., HAMMOND, LORING, SHELDON, & RUGG, JJ.

*Negligence,* Employer's liability.

In an action by a woman employed in a laundry against the proprietors of the laundry, two copartners, one of whom acted as superintendent, for personal injuries incurred while in their employ, if there is evidence that the plaintiff sometimes had been put at work upon a machine, which then was out of order and was not in operation, and that the plaintiff was pointing out to the defendant who acted as superintendent what she regarded as defects in this machine, in order that he might have them remedied, and for this purpose had placed her hands near or upon the rollers, when the machine in some way was started by the defendant superintendent allowing some portion of his body or clothing to hit against the shipper by which the belt was shifted, and the rollers thus were set in motion, causing the plaintiff's hand to be drawn in and lacerated, the questions of the negligence of the defendants and of the due care of the plaintiff are for the jury.

A woman employed in a laundry who is calling the attention of her employer, while he is exercising superintendence, to alleged defects in a machine, which then is not in operation, and in doing so puts her hands near and upon the rollers in order to point out what should be done to them and their coverings, does not assume the risk of an injury caused by her employer negligently starting the machine so that one of her hands is caught and drawn in by the rollers.

TORT, by a woman, against Arthur P. Lesure and Frank W. Lesure, copartners engaged in the laundry business under the name of Lesure Brothers, for personal injuries incurred while the plaintiff was employed in the defendants' laundry at Fitchburg, called the Star Laundry, alleged to have been caused by the negligence of one of the defendants while exercising superintendence. Writ dated March 25, 1907.

In the Superior Court the case was tried before *Sanderson*, J. The facts which appeared in evidence are referred to briefly in the opinion. The case as stated in the introduction to the plaintiff's brief was as follows: Among her other duties the plaintiff sometimes was called upon to operate a machine known as a collar and cuff ironing machine. At the time she sustained the injuries complained of she was standing in front of this machine with her hands placed close to the rollers and was in the act of pointing out to the defendant and acting superintendent, Arthur P. Lesure, some defects therein, the machine then not being in operation and not having been in use that day. While thus engaged and while Lesure was walking around the machine for the purpose of making an inspection, by reason of his negligence, as alleged, a long overcoat which he was wearing at the time came in contact with the " shifter," so called, causing the machine to start, whereby one of the plaintiff's hands was drawn into the rollers and badly lacerated.

At the close of the evidence the defendants asked the judge to rule that the plaintiff could not recover and also that the plaintiff was not in the exercise of due care. The judge refused to make these rulings, and submitted the case to the jury under instructions not complained of otherwise than by exceptions of the defendants to the judge's refusal of the above mentioned rulings requested by them. The jury returned a verdict for the plaintiff in the sum of $2,000; and the defendants alleged exceptions.

The case was submitted on briefs.

*H. R. Bygrave*, for the defendants.

*D. I. Walsh, T. L. Walsh & C. B. O'Toole*, for the plaintiff.

SHELDON, J. The only contentions made by the defendants are that there was no evidence of negligence on the part of Arthur P. Lesure, and especially that it could not be found that the starting of the machine was due to any such negligence; and that the plaintiff was not in the exercise of due care. But while the evidence was meagre, we are of opinion that both of these questions were for the jury.

The plaintiff was pointing out to Lesure what she regarded as defects in this machine, in order that he might have them remedied. It was manifest that if the machine should be started while she was so engaged, there would be great danger of her hands being drawn between the rollers and lacerated. The jury might find on the evidence before them that the machine was started by Lesure's allowing some portion of his body or of his clothing to hit against the shipper, whereby the belt was shifted from the loose to the tight pulley, so as to set the rollers in motion. Indeed, if the plaintiff did not start the machine herself, which she denied, it is difficult to see what other cause there could have been of its starting than some unguarded motion of Lesure. It does not need argument to show that the jury had a right to say that this was carelessness of one of the defendants for which they would both be responsible alike at common law and under the provisions of R. L. c. 106, § 71. *Linton* v. *Hurley*, 14 Gray, 191. *Gurney* v. *Le Baron*, 182 Mass. 368. *Greenstein* v. *Chick*, 187 Mass. 157. *Dunphy* v. *Boston Elevated Railway*, 192 Mass. 415.

The plaintiff was engaged in the line of her duty in calling her employer's attention to alleged defects in this machine. She did not while so engaged assume the risk of his negligence or of that of any one exercising superintendence as he was then doing. *Meagher* v. *Crawford Laundry Machine Co.* 187 Mass. 586. The jury could find that she was justified in putting her hands near to and upon the rolls in order to point out what needed to be done to them and their coverings. She was not bound to anticipate that he would negligently start the machine while he knew that she was doing this. It was for the jury to say whether or not she was in the exercise of due care.

*Foster* v. *New York, New Haven, & Hartford Railroad,* 187 Mass. 21.   *Mooney* v. *Connecticut River Lumber Co.* 154 Mass. 407, 409.

*Exceptions overruled.*