HENRY KEATING vs. R. A. J. HEWATT & another.

Berkshire.    September 10, 1912. — October 15, 1912.

Present: RUGG, C. J., HAMMOND, BRALEY, & DeCOURCY, JJ.

*Negligence*, Employer's liability.    *Pleading, Civil*, Answer.

One who was the overseer of the mule spinning department of a mill, hired
and discharged those employed there, kept an account of their time and gave
directions generally as to the manner in which the work of the department
should be done, may be found to have been a superintendent of the proprietor
of the mill within the meaning of R. L. c. 106, § 71, cl. 2.

At the trial of an action under R. L. c. 106, § 71, cl. 2, for personal injuries, sus-
tained while the plaintiff was employed in the mule spinning department of a
mill of the defendant and alleged to have been caused by negligence of a super-
intendent of the defendant, there was evidence tending to show that while the
plaintiff was at work at a spinning machine the superintendent directed him to
stop the machine and for the purpose of cleaning it to go into a narrow space
back of it and between it and another machine, assuring the plaintiff that the
other machine, which then was at rest, "would be stopped and everything
would be all right."    Two or three minutes later, while the plaintiff was at work
as directed, and the superintendent and the operator of the other machine
were standing at the end of the other machine, the other machine was started
without the plaintiff being warned and he was caught on some exposed gearing
and was injured.    *Held*, that there was evidence of negligence of the super-
intendent and of due care of the plaintiff.

In an action by an employee against his employer under the employers' liability
act, the defense that the plaintiff assumed the risk of the injury which he re-
ceived is not open if it is not set up in the answer.

Negligent superintendence, for which an employer is responsible under the em-
ployers' liability act, is not a risk that is assumed by an employee.

TORT for personal injuries received by the plaintiff on March
14, 1907, while he was employed in the mule spinning depart-
ment of a mill of the defendants.    Writ dated June 26, 1908.

The declaration contained a first count alleging as the cause
of the accident a defect in the ways, works or machinery of the
defendants, a second count alleging as a cause negligence of a
superintendent, and a third count alleging that the accident was
due to a negligent failure of the defendants properly to instruct
the plaintiff.

The case was tried before *Fox*, J. The material facts which the jury were warranted in finding are stated in the opinion. -

At the close of the evidence the judge ordered the jury to find for the defendants on the first and third counts. The defendants asked the judge to rule as follows:

"2. The plaintiff cannot recover on his second count."

"4. If the jury find that the machine was running when the plaintiff began to clean the machine, at the place where he got caught, and everything was in plain sight, he cannot recover.

"5. If the jury find that the machine that caught the plaintiff was started after the plaintiff began to clean his machine at the place where he got caught, and the plaintiff had an opportunity to leave that place, but did not do so, but continued to work at that place, then he cannot recover."

The judge gave the fourth and fifth rulings and refused to give the second. The jury found for the plaintiff in the sum of $2,000; and the defendants alleged exceptions.

The case was submitted on briefs.

*J. F. Noxon & M. Eisner*, for the defendants.

*T. F. Cassidy & P. J. Ashe*, for the plaintiff.

DeCourcy, J. The plaintiff obtained a verdict on his second count, which alleged that his injury was caused by the negligence of a superintendent of the defendants; and the only question raised by the exceptions is whether there was evidence to warrant the verdict.

The place where the accident occurred was in the alleyway between the back of the plaintiff's spinning machine and that of the next machine, which was operated by one Patton. The length of this space was about forty-five feet, and its width thirty inches, except where the rim band and the driving gears, midway on the back of each machine, projected into this space and narrowed it to twelve or fifteen inches. While the plaintiff was engaged in cleaning the part of his machine that extended into the alley he was caught and injured by the gears on Patton's machine.

The jury were warranted in finding that William Chisholm, who had directed the plaintiff to clean his machine at that time, was a superintendent within the meaning of the employers' liability statute. He was the overseer of the spinning room, he hired

and discharged the help, kept an account of their time, and gave directions generally as to the manner in which the work of the mule spinning department should be performed. Upon the issue of Chisholm's negligence there was evidence that he ordered the plaintiff to clean his machine at about eight o'clock in the forenoon, although the usual time for this work was between eleven and twelve, saying that some of the employees were out and he wanted him, Keating, to do the work of weighing yarn; that the plaintiff, before going into the alleyway to clean his machine, which was then at rest, asked Chisholm "Is that other machine stopped?" and Chisholm answered, "Yes, they are waiting for roping," and further told the plaintiff that "this machine would be stopped and everything would be all right;" that Patton's machine was in fact at rest when the plaintiff began the work of cleaning, but within two or three minutes started up and caught the plaintiff, and that Chisholm was then talking to Patton at the end of the latter's machine. The jury were warranted in construing the language of the superintendent Chisholm as an assurance that he would see that Patton's machine should not be started up, and the plaintiff thereby exposed to the danger of being caught by its gears, until he, Keating, should have finished cleaning the back of his machine; or at least until warning notice should have been given; and it appeared that the plaintiff so understood it. It further could be found that the injury was due solely to the negligent failure of the superintendent to provide this promised protection after he had exposed the plaintiff to danger. For such negligent superintendence the employer is responsible. *Greenstein* v. *Chick,* 187 Mass. 157. *Dunphy* v. *Boston Elevated Railway,* 192 Mass. 415. *Kushnizki* v. *New England Biscuit Co.* 210 Mass. 177.

The exceptions involve also the plaintiff's due care; but this issue clearly was for the jury. Keating testified that the next machine was stopped when he began to clean his own. His work exposed him to no danger while both machines remained at rest. He might well rely to some extent upon the superintendent's assurance that Patton's machine would not be set in motion without warning being given to him. It cannot be said as matter of law that he was careless in failing to observe it starting up while he was giving his attention to his own work on the oppo-

site side of the alley. And the jury presumably found, under the instruction given upon the defendants' fifth request, that the plaintiff had no opportunity to escape from the danger after Patton's machine was set in motion.

The contention of the defendants that the plaintiff assumed the risk, as matter of law, cannot be sustained. This defence is not set up in the answer; but even if it were, negligent superintendence, for which the defendant is responsible under the employers' liability statute, is not a risk that is assumed by an employee in his contract of employment. *Meagher* v. *Crawford Laundry Machinery Co.* 187 Mass. 586. *Baggneski* v. *Lyman Mills*, 193 Mass. 103. *Mackenzie* v. *New York Central & Hudson River Railroad*, 211 Mass. 586.

*Exceptions overruled.*