JOSEPH M. BOURDEAU *vs.* J. J. PRINDIVILLE COMPANY.

Bristol.    October 29, 1912. — November 26, 1912.

Present: RUGG, C. J., MORTON, HAMMOND, BRALEY, & DeCOURCY, JJ.

*Negligence,* Employer's liability.

A foreman in charge of loading into carts broken stone from a stone crusher, whose principal duty was giving orders and whose only manual labor was the opening and closing of the slides of the hoppers under the stone crusher through which the crushed stone was dropped into the carts, it being his duty to decide under which of the hoppers the teamsters should load and it being the duty of the teamsters to obey him, can be found to have been a superintendent in relation to such teamsters within the meaning of St. 1909, c. 514, § 127, cl. 2, and if, after having closed the slide of one hopper only partially when he should have closed it wholly, he directed a teamster to back his cart under the next hopper and some stone came down from the partly closed hopper on the back of the horse, which the foreman knew to be a nervous one, and caused the horse to bolt and to injure the teamster, the injury can be found to have been caused by a negligent act of superintendence.

TORT under the employers' liability act, against a corporation which was engaged as contractor in constructing a building in New Bedford, for personal injuries sustained on July 20, 1910, when the plaintiff was employed as a teamster by the defendant, from the alleged negligent operation of a stone crusher used by the defendant in its business, whereby the horse of which the plaintiff was in charge was caused to bolt and to throw down and injure the plaintiff. Writ dated September 24, 1910.

In the Superior Court the case was tried before *Lawton,* J. The facts which could have been found upon the evidence are stated in the opinion. Wilson, the foreman in charge there mentioned, was standing on the hub of the wheel of the cart when he opened and shut the slides of the hoppers as described

in the opinion. At the close of the evidence the plaintiff elected to go to the jury solely on the fourth count of his declaration which, under St. 1909, c. 514, § 127, cl. 2, alleged that his injuries were caused by the negligence of a person in the service of the defendant who was entrusted with and was exercising superintendence and whose sole or principal duty was that of superintendence. Thereupon the defendant asked the judge to rule, first, that upon the whole evidence the plaintiff could not recover upon the fourth count of his declaration. The defendant also asked the judge to make the following ruling, numbered 3: " If the jury find that it was a part of the regular duty of Wilson to open and close trap 1, and that he negligently failed to properly close it and thereby caused the injury, his act was the act of a fellow servant, for which the defendant is not liable." The judge refused to make the first ruling requested, and refused to make the ruling numbered 3 except as given in his charge, which was held by this court fully to have covered the subject matter of this request.

The jury returned a verdict for the plaintiff in the sum of $3,500; and the defendant alleged exceptions.

*A. J. Jennings,* (*I. Brayton* with him,) for the defendant.

*C. R. Cummings & J. Little,* for the plaintiff, were not called upon.

DeCOURCY, J. The main question presented for decision is whether the evidence warranted the jury in finding that the sole cause of the plaintiff's injury was the negligence of a statutory superintendent while exercising superintendence. The element of the plaintiff's due care is eliminated as the defendant admits that there was evidence for the jury on that issue.

The jury were warranted in finding these facts: A large box for holding the broken stone that dropped from the crusher was supported on posts and stood seven and a half feet above the ground. At the bottom of the box and projecting a foot below were three round hoppers or traps. These were in a line behind one another, and when the plaintiff was getting a load he would back his cart under the box and beneath the particular hopper from which the stone was to come. The opening at the bottom of each hopper was twelve inches in size and was closed by means of a slide.

The foreman in charge, William Wilson, directed the plaintiff to back his cart under No. 1 hopper, which was about three feet from the front of the box. After the cart was partially loaded Wilson went through the customary motions of shutting the slide, but in fact he closed only a portion of the opening. He then ordered the plaintiff to back his cart under No. 2 hopper, which was about three feet farther in than No. 1; and later he opened the slide on No. 2 and a quantity of stone came down. When the cart was loaded Wilson closed the opening of No. 2, and immediately some stone came down from No. 1 hopper, striking the horse on the back and causing it to bolt and throw the plaintiff to the ground.

There was ample evidence that Wilson was a statutory superintendent. He had charge of the gang of men that worked at the stone crusher, his principal work being that of giving orders, and the only manual labor done by him was that of opening and closing the hoppers. It was his duty to decide under which one the teamsters should load, and it was the duty of the men under him to obey him.

Although it is a closer question whether the negligence that caused the plaintiff's injury was one of superintendence, in our opinion that issue also was for the jury under proper instructions. At the time of the accident, whether the failure to close No. 1 hopper was intentional or negligent, Wilson should have known that it was partly open. No one else had the duty of controlling the opening. He knew that the man who was in the box was likely to shovel stone into the hopper that was left open, unless directed by him not to do so. Wilson also knew that the plaintiff's horse was a nervous one, likely to bolt if stones should drop upon its back, and to injure the plaintiff, who was standing at its head in the proper performance of his work. Under these circumstances an order to the plaintiff to move his horse from a place of safety outside the box into a position of danger under the open hopper or trap, without taking any precaution to prevent the shovelling of stone into it or even warning the plaintiff of the danger, might properly be regarded by the jury as negligent superintendence. *Keating* v. *Hewatt*, 212 Mass. 577, and cases cited.

The only other exception argued by the defendant is that to the refusal of the trial judge to give the third instruction re-

quested. As to this it is sufficient to say that the subject matter of the request, dealing with the non-liability of the defendant for the acts of Wilson while acting as a fellow servant, was fully and clearly covered by the charge.

*Exceptions overruled.*