THOMAS A. ROWELL *vs.* NATHAN P. GIFFORD.

Essex.    November 5, 1908. — January 7, 1909.

Present: KNOWLTON, C. J., MORTON, HAMMOND, SHELDON, & RUGG, JJ.

*Negligence*, Employer's liability.

While an employee, who in an action of tort is seeking recovery from his employer for an injury alleged to be due to such a defect in the ways, works or machinery used by the employer as the employer would be accountable for either under R. L. c. 106, § 71, cl. 1, or at common law, cannot maintain his action if the evidence at the trial of the action leaves it a matter of conjecture, whether the cause of the injury to the plaintiff was such a defect or was an improper adjustment of machinery due to carelessness of the plaintiff or of a fellow employee, nevertheless the plaintiff is not obliged to exclude all doubt as to the cause of the accident, but only to show by a fair preponderance of the evidence that its cause was such a defect as was alleged in his declaration.

At the trial of an action of tort for personal injuries, brought against the proprietor of a factory by one who was a skilled and experienced employee therein, the presiding judge ordered a verdict for the defendant at the close of the plaintiff's evidence, and the plaintiff alleged exceptions. There was evidence tending to show that the plaintiff's hand was cut off while he was operating a buzz planer, and that it was possible that the accident might have been caused by an improper adjustment of the apparatus by the plaintiff or a fellow employee. The jury would have been warranted in finding, however, that a preponderance of the evidence tended to show that the accident was caused by a loose pulley, which was attached to the cylinder of the planer and which caused the cylinder to jump and the plaintiff's hand thus to be thrown on to the knives of the cylinder, that it was not the plaintiff's duty to repair the pulley, and that he did not know of its defective condition. *Held*, that the plaintiff's exception must be sustained, since he had not as matter of law assumed the risk of the injury he received, because he did not know of the defect, and since there was evidence warranting a finding that when injured he was in the exercise of due care and that his injury was caused by the defective pulley, for which the defendant was accountable.

TORT for personal injuries alleged to have been received by the plaintiff, while he was in the defendant's employ in his factory and planing a board upon a buzz planer, by reason of a defect in the planer. The declaration contained a count at common law alleging a failure of the defendant to furnish suitable machinery and to keep it in proper condition, and a count under R. L. c. 106, § 71, cl. 1, alleging a defect in the ways, works or machinery of the defendant. Writ in the Superior Court for the county of Essex dated February 16, 1905.

The case was tried before *White*, J., who, at the close of the plaintiff's evidence, ordered a verdict for the defendant; and the plaintiff alleged exceptions. The facts are stated in the opinion.

A. W. *Putnam*, (J. F. *Quinn* with him,) for the plaintiff.

D. N. *Crowley*, for the defendant.

MORTON, J. This is an action of tort, brought originally by the plaintiff's intestate and after his death prosecuted by his administratrix, to recover for injuries received by him while at work in the defendant's employment upon a buzz planer in the defendant's factory. At the close of the plaintiff's evidence the presiding judge directed a verdict for the defendant subject to the plaintiff's exceptions, the parties stipulating that, if the exceptions should be sustained, judgment should be entered for the plaintiff in the sum of $2,000.

There was evidence tending to show that the machine was defective. Witnesses testified that the pulley on the end of the shaft to which the cutting cylinder was attached was loose, and that this would cause the cylinder to jump, and that the jumping would tend to throw the hand of the operator on to the knives in the cylinder. There was also evidence tending to show that the movable table was not adjusted as securely as it ought to have been, and that that might have had something to do with the accident. There was no defect in the table or in the appliances for securing and adjusting it, and any failure to properly secure or adjust it would have been due to the negligence of the plaintiff's intestate or that of a fellow workman. And if the accident was due to the improper adjustment or fastening of the table, or if the evidence was such as to leave it a matter of conjecture, whether the accident was due to that, or to the loose pulley, the defendant would not be liable. But we do not think that it can be said that as the case was left the cause of the accident was wholly a matter of conjecture, and we think that it fairly could have been found that the cause of the accident was the loose pulley. No other cause seems to have been regarded as so adequate to explain the accident as that. The plaintiff was not obliged to exclude all doubt as to the cause of the accident, but was bound to show by a fair preponderance of the evidence that the cause was one for which the defendant was, or could be found to be, liable.

If the pulley was loose then it was a question for the jury whether the defendant in the exercise of due care should have discovered and remedied the defect, or whether he was justified in waiting until some one of the workmen called his attention to it and then having it properly repaired as he did. The plaintiff's intestate was a skilled and experienced workman and understood all about the machine, but the evidence shows that he did not know that there was any defect in the machine, and therefore he cannot be said to have assumed the risk. It cannot be said as matter of law that there was no evidence to show whether he was or was not in the exercise of due care. So far as appears, he was operating the machine in the usual way with material and for a purpose with and for which he was expected to use it. On the whole, though the case is not entirely free from doubt, we think that the evidence would have warranted a verdict for the plaintiff, and that the exceptions must be sustained.

> *Exceptions sustained ; judgment for the plaintiff in the sum of $2,000.*