LOUIS FONTAINE vs. STEVENS LINEN WORKS COMPANY.

Worcester.    October 4, 1909. — October 18, 1909.

Present: KNOWLTON, C. J., HAMMOND, LORING, SHELDON, & RUGG, JJ.

*Negligence*, Employer's liability.

In an action, by an experienced workman of mature years, for personal injuries sustained while working in a factory of the defendant, it appeared that the plaintiff was injured when he was standing on a ladder and by means of a stick was holding a belt upon a pulley, fixed to a shaft, while the other loop of the belt was being put upon a larger driving pulley attached to a main shaft, that the belt came off the smaller pulley, and the plaintiff's hand was injured in a fan near the pulley. The only evidence presented by the plaintiff to show negligence on the part of the defendant was that a babbitt on the shaft, which was used to reduce the friction of the pulley, was " worn a little " so that there was "just a little play " which might have caused the shaft to get out of line and the belt to run off or " out of level," but it appeared by the plaintiff's own testimony that the babbitt could not have been so worn as to cause the belt to run off without such irregularity appearing in the operation of the shafting, the pulley and the belt as would have attracted his attention, so that, if the plaintiff was hurt by reason of this defect, his failure to see and report it must have been the cause of his injury. *Held*, that to attribute the plaintiff's injury to anything for which the defendant was liable involved too much surmise and conjecture to warrant its determination as a matter of fact, and that a verdict properly was ordered for the defendant.

TORT for personal injuries received while the plaintiff was in the employ of the defendant at work in its factory at Dudley, with counts under R. L. c. 106, § 71, alleging a defect in the ways, works or machinery of the defendant and negligence of a superintendent, and a count at common law alleging negligence of the defendant in failing to furnish the plaintiff with a reasonably safe and suitable place in which to work and in failing to keep its machinery in a reasonably safe condition. Writ dated October 13, 1906.

In the Superior Court the case was tried before *Wait*, J. The plaintiff's evidence is described in the opinion. The defendant offered no evidence. At the request of the defendant, the judge

ruled that the plaintiff was not entitled to recover, and ordered a verdict for the defendant. The plaintiff alleged exceptions.

*D. I. Walsh,* for the plaintiff.

*C. C. Milton,* for the defendant.

RUGG, J. The plaintiff was an experienced workman of mature years. He was injured while standing on a ladder and holding with a stick a belt upon a pulley, fixed to a shafting, while the other loop of the belt was being put upon a larger driving pulley upon a main shaft. The belt came off the smaller pulley, and the plaintiff's hand was injured in a fan near the pulley, both being enclosed in a box. He was perfectly familiar with the machinery in which he was injured. He could see from the floor whether there was any trouble with the pulley and the shafting over his head of such a character as to cause the belt to run unevenly, and he noticed nothing to indicate that the pulley and belt were not operating properly. This belt was constantly within his field of vision while at work. When he first opened the door of the box, within which was the pulley, the latter was at rest, and he could see or feel whether there was anything wrong about it.

The only evidence presented by the plaintiff to show negligence on the part of the defendant is that after the accident it was found that the babbitt, a "complex of metal" on the shaft used to reduce the friction of the pulley, was "worn a little" so that there was "just a little play," and there was evidence that a result of this might be "that the shaft would get out of line and the belt would run off, or out of level rather." The testimony of the plaintiff shows that the babbitt could not have been so worn as to cause the belt to run off the pulley, without such irregularity appearing in the operation of the shafting, pulley and belt as would have attracted his attention. This evidence was not contradicted and has the ear-marks of truth. If there was such irregularity of operation, the failure of the plaintiff to see and report it was the cause of his injury. If there was not, then no connection was shown between the injury of the plaintiff and any wrongful act or omission of the defendant or those for whom it was responsible.

Apparently, the cause of the accident was the force applied by the plaintiff, or the shortness of the stick selected by him

by which it was applied, to hold the belt on the smaller pulley when the belt was put on the larger or driving pulley, so that his hand slipped and was projected into the fan; or it may have resulted from one of the ordinary risks of the employment. But to attribute the injury to anything for which the defendant was liable involved too much of surmise and conjecture to warrant its determination as a matter of fact. *Ryan* v. *Fall River Iron Works*, 200 Mass. 188, and cases cited at 192. *Brooks* v. *Kinsley Iron & Machine Co.* 202 Mass. 228, 231.

The case is distinguishable from *Rowell* v. *Gifford*, 200 Mass. 546, because there it appeared that the accident fairly might have been found to be due to the looseness of the pulley. It is also different from *Jellow* v. *Fore River Ship Building Co.* 201 Mass. 464, upon which the plaintiff especially relies, in that in the latter case the cause of the accident might have been found to be a defective tempering of a chisel, which could not have been discovered on such inspection as the plaintiff might have given it, and of which he could not reasonably be expected to have knowledge.

*Exceptions overruled.*