THOMAS DOUGLAS *vs.* BOSTON AND MAINE RAILROAD & another.

Suffolk. November 14, 1922. — February 27, 1923.

Present: RUGG, C.J., DE COURCY, CROSBY, CARROLL, & JENNEY, JJ.

*Negligence*, Railroad, Employer's liability, Express company, Of one controlling real estate. *Proximate Cause. Evidence,* Opinion: expert.

The evidence at the trial of an action of tort brought against a railroad company and an express company by an employee of the express company to recover for personal injuries received when, as the plaintiff was pulling a truck, with wheels whose flanges were four inches wide, diagonally across tracks in a railroad station at a place where planking was laid to within an inch or an inch and a half of the rail, the truck tipped and the handle was caused to strike the plaintiff's arm, was *held* not to warrant a finding supporting an allegation in the declaration that the railroad company allowed the platforms or floorings to

be in "an unsafe, dangerous, decayed, worn and broken condition," or a finding supporting an allegation that the truck was improperly loaded; and it therefore was *held further*, that a finding for the plaintiff against either defendant was not warranted.

The plaintiff at the trial of the action above described testified that he did not know what it was that the truck caught against at the time it began to tip over, and, in answer to a hypothetical question put by his counsel, testified that when he saw the truck tip over he formed the opinion that the tipping was caused by its having been improperly loaded. *Held*, that the hypothetical question was inadmissible, its subject matter not being proper for opinion evidence.

Even if, at the trial of the action above described, there had been evidence warranting a finding that the truck was loaded improperly, a finding would not have been warranted that such improper loading was the proximate cause of the injury to the plaintiff.

TORT against the Boston and Maine Railroad and American Express Company for personal injuries received by the plaintiff on July 17, 1916, in the North Station in Boston as described in the opinion. Writ dated January 5, 1917.

In the Superior Court, the action was tried before *Hall*, J. The plaintiff was the only witness. Material evidence is described in the opinion. At the close of the evidence, a verdict was entered for the defendants by order of the judge, and the judge reported the action to this court for determination.

*W. B. Grant*, for the plaintiff.

*A. M. Pinkham*, for the defendants.

CROSBY, J. This action of tort is brought against the Boston and Maine Railroad and the American Express Company to recover for personal injuries alleged to have been received by the plaintiff by reason of a defective plank in the platform of the railroad company, and the improper loading of a truck of the express company.

The accident happened at the North Station in Boston in the vicinity of tracks 21, 22 and 23, on the night of July 17, 1916, while the plaintiff was in the employ of the express company. He was the only witness who testified at the trial respecting the question of liability. He testified that between tracks 21 and 22 there was a cement walk fifteen or sixteen feet wide for passengers to cross on; that between tracks 22 and 23 there was a plank floor and planking between the rails of the tracks with a space between it and the rails; that the planking between the rails of track 22 extended to within an inch or an inch and a half of each rail; that

the width of the tread of the wheels of the truck he was using when hurt was four inches. He further testified that he pulled a loaded truck from a car on track 21 to a Buffalo car on track 23, and that after placing in that car a part of the articles from the truck he then proceeded to turn the truck around to go to a Cincinnati car on track 21, and in so doing he was obliged to pull his truck around other trucks and across the rails of track 22; that as he was pulling the truck across that track he faced it until the front wheels passed over the rails, and that he then turned around and pulled with the handle behind him, at the same time turning the handle and axle of the truck; that all the while he was so turning it around, he pulled it at an angle, and after the front wheels had passed over the rails he felt a jar and turned around and saw the hind end of the truck tip up, the boxes went off and the truck tipped over and he was struck by the handle; that at that time the rear wheels were going over the rails. He further testified that when it tipped over there were two boxes on the forward end, about five feet high and two feet, four inches wide, which extended beyond the edge about eight or ten inches on each side, and back of them was a box weighing five hundred and fifty pounds, and thirty-five or forty parcels.

The plaintiff is presumed to have been in the exercise of due care, and contributory negligence on his part was a defence to be proved by the defendants. St. 1914, c. 553, now G. L. c. 231, § 85. The question then is, whether there was any evidence of negligence of either defendant.

We are unable to find any evidence to support the allegation in the declaration that the railroad company allowed the platforms or floorings to be in "an unsafe, dangerous, decayed, worn and broken condition." There is no evidence that the platform or floor between the tracks was not properly constructed and free from any defects. The only spaces or openings in the platform were on the tracks next to the rail and were from one to one and a half inches wide, for the flanges of the wheels of locomotives and cars to run in; and in some places this space was wider where electric trucks had run in it. The plaintiff testified that he realized there was danger in pulling a truck across the rails, and that if he did not watch carefully the wheels would catch on the rail or in the space between the rail and the platform; that he did not know

whether at the time of the accident the wheel got caught in some such way or not; that he did not observe anything in "the planking or the rail or the iron of the rails" which would have caused the truck to tip over. The circumstance that he felt a jar was not evidence of a defective condition of the platform. As there was nothing to support a finding of negligence on the part of the railroad company, a verdict was rightly ordered in its favor.

The allegations of negligence of the express company are that the platforms and floorings were in an unsafe and dangerous condition and that the express company in using them was bound to see that its trucks, upon which it placed its goods, and which were required to be run over the platforms, were properly loaded; that the truck in question was negligently loaded by the express company, and that when it came in contact with the defective platform it caused the truck and handle thereof to strike the plaintiff. As already stated there was no evidence of defect in the platform, nor is there any evidence to warrant a finding that the truck was improperly loaded. The plaintiff testified that about one half of the load had been placed in the car before he attempted to turn the truck around, the remainder being on the forward end of the truck; that before it was partially unloaded "it rode all right, and he saw nothing up to that time to criticize in the packing of it, and as far as he saw, [it] was packed right, and . . . the load seemed to ride all right." And further that after it had been partially unloaded and before he started to pull it across the track, he was satisfied that the remainder of the load was all right, and so far as he could see it was packed all right. While he testified that he did not know what it was that the truck caught against at the time it began to tip over, he was also allowed to answer a hypothetical question put by his counsel, against the objection and exception of the defendants, that when he saw it tip over he formed the opinion that it was caused by its having been improperly loaded. We are of opinion that this question was inadmissible. It did not call for expert opinion, but was a matter within the knowledge of the jury as practical men, of experience in the ordinary operations of every day life. "In such a case the simplicity of common sense affords a safer guide than the niceties of technical knowledge." *Whalen* v. *Rosnosky,* 195 Mass. 545, 547. *Lynch* v. *C. J. Larivee Lumber Co.* 223 Mass. 335, 340.

It appears from the plaintiff's testimony that he was experienced in the handling of trucks similar to the one he was using at the time he was injured. The only rational inference as to the cause of the accident is, that the rear wheel or wheels of the truck caught on the rail, or in the space between the planking and the rail, and that the plaintiff cramped the front wheels around at so sharp an angle as to cause the truck to tip over. Although there is no evidence that the truck was improperly loaded, if there had been such evidence no connection was shown between the injury to the plaintiff and any wrongful act or omission of the defendant express company. *Ryan* v. *Fall River Iron Works Co.* 200 Mass. 188. *Fontaine* v. *Stevens Linen Works Co.* 203 Mass. 265. *Sheehan* v. *Goodrich,* 207 Mass. 99.

No exceptions to the admission or exclusion of evidence have been argued. Accordingly they are treated as waived. In view of the conclusion reached, it is unnecessary to determine whether the release executed by the plaintiff to the express company discharged the railroad from liability; or whether the plaintiff could recover upon a single count of his declaration against either one or both of the defendants, on the ground that his injuries were caused by negligence of the defendants by their several acts operating concurrently within the principle of *Feneff* v. *Boston & Maine Railroad,* 196 Mass. 575. The presiding judge rightly directed the jury to return a verdict in favor of each defendant. In accordance with the report the entry must be judgment for the defendants.

*So ordered.*