*Southern District*

No. 16975

## ELIZABETH W. CURLEY
### v.
## JOSEPH CONROY

*Nash, J.* This is an action of tort for damage to [the plaintiff's] vehicle caused by the negligence of the defendant. The answer is a general denial, contributory negligence, violation of law, illegal registration and the Statute of Limitations.

At the trial there was evidence that the plaintiff was operating her motor vehicle on Nonantum Street in Newton and saw a sanding truck approaching. She pulled to tthe right curb and stopped. The sanding truck passed her and sprayed her vehicle with sand causing the damage agreed upon to be fifty-four ($54.00) dollars.

The plaintiff introduced defendant's answer to plaintiff's interrogatory numbered 3. This interrogatory was "were you the operator of a motor vehicle which at or about the time alleged in the plaintiff's declaration was involved in spraying sand on Nonantum Street, Newton". The defendant's answer was "Defendant was operating a sander but has no knowledge as to whether he was on Nonantum Street".

The defendant duly made the following requests for rulings:

"1. There is insufficient evidence to warrant a finding for the plainttiff.

2. The plaintiff has not sustained her burden of proof that

(a) the Defendant was negligent

(b) the Plaintiff's damages were the result of defendant's conduct.

3. Upon all the evidence there should be a finding for the defendant because

> (a) the defendant was not negligent
>
> (b) the plaintiff was guilty of contributory negligence."

The Court denied each of the defendant's requests for rulings and found for the plaintiff in the sum of fifty-four ($54.00) dollars. The report states it contains all the evidence material to the question reported.

The defendant claiming to be aggrieved by the denial of his requests for rulings, the case is reported to us for determination.

The Court was in error in failing to grant requests numbered 1. and 2. The burden was upon the plaintiff to show by a fair preponderance of the evidence that the damage to her motor vehicle was caused by the negligence of the defendant. *Rowell v. Gifford,* 200 Mass. 546, 547.

Though it is not necessary to exclude every other possibility of cause for the damage he must show there is a greater likelihood that the damage resulted from the negligence of the defendant than from a cause for which the defendant was not responsible. *Walker v. Benz Kid Company,* 279 Mass. 533, 537; *Bigwood v B & N St. Ry,* 209 Mass. 345, 348; *Gates v. B & M RR,* 255 Mass. 297, 301; *Crisafi v. Sells Clure,* 318 Mass. 626, 630.

The plaintiff has not met this burden. There is no positive evidence that the defendant was on the street in question, nor excluding the name of the street, that he was in the city of Newton. There is no identification of the defendant, no mark, number, name, designation, or description of the truck that caused the damage complained of. There is insufficient evidence to show any causal connection between the damage to the motor vehicle of the plaintiff and any act for which the defendant was responsible. *Milano v. Wasserman,* 255 Mass. 1, 4; *DiLeo v. Eastern Mass. St. Ry.,* 255 Mass. 140, 143; *Connolly v. Boston El. Ry.* 309 Mass. 177, 179 and cases cited.

As the error was prejudicial the finding for the

plaintiff is vacated and judgment is entered for the defendant.

*So ordered.*

H. K. Sloper, Jr., for the plaintiff.

J. J. Dolan, Powers & Hall, for the defendant.

*Southern District*